OPINION
{¶ 1} Appellant, Ohio Unemployment Compensation Review Commission ("commission"), appeals from the judgment of the Trumbull County Court of Common Pleas, reversing the commission's prior decision denying appellee, James M. Whaley ("Whaley"), unemployment compensation. Whaley has filed a cross appeal asserting that the trial court erred in failing to grant his motions for default judgment.
 {¶ 2} The following relevant facts are undisputed. Whaley is a union electrician and in recent years was employed in New Jersey, New York, Pennsylvania, and Ohio. On April 8, 2002, Whaley filed an application for the determination of unemployment benefit rights in New Jersey. That application was allowed with a benefit year beginning April 28, 2002, and ending April 26, 2003.
 {¶ 3} On April 8, 2003, Whaley filed an initial telephonic application for the determination of unemployment benefit rights with the Ohio Department of Jobs and Family Services ("ODJFS"). In that phone conversation, Whaley told the claims representative that he was unsure whether he had an existing open claim in New Jersey. At the time of the call, the department computer was down and the representative was unable to determine whether there was an open claim in New Jersey. However, Whaley's application was processed. May 9, 2003, ODJFS mailed Whaley a "Notice of Determination of Unemployment Compensation Benefit Rights". In that notice, Whaley's claim for benefits in Ohio was allowed with a benefit year beginning April 6, 2003 through April 3, 2004. On the same day, ODJFS mailed Whaley a "Determination of Unemployment Compensation Benefits" declaring Whaley eligible to receive benefits based upon employment in New Jersey and Ohio. At a later date, Whaley requested to include his earnings in New York in his benefit determination.
 {¶ 4} September 17, 2003, ODJFS mailed Whaley a corrected "Notice of Determination of Benefit Rights" allowing Whaley's application for determination rights filed April 8, 2003, with a benefit period beginning April 6, 2003, including his earnings in New York. September 23, 2003, ODJFS mailed Whaley another "Notice of Determination of Benefit Rights," disallowing Whaley's April 8, 2003 application for benefits. On the notice, the box was checked next to "present benefit year has not expired." Whaley's application was disallowed because Whaley had a benefit year that had not yet expired in New Jersey at the time he applied for benefits in Ohio.
 {¶ 5} In a subsequent "Determination of Benefits" mailed to Whaley on October 6, 2003, ODJFS stated that "[y]ou have been notified that you qualified for benefits in another state and have elected to withdraw your Ohio application in order to file with [New Jersey]. As a result of this withdrawal, the Ohio claim is no longer valid * * *." In that determination, Whaley was ordered to repay all benefits received for the weeks of April 19 through June 21.
 {¶ 6} On October 23, 2003, Whaley filed an appeal of the determination. November 6, 2003, the director issued a redetermination affirming the October 6, 2003 determination.
 {¶ 7} On November 21, 2003, Whaley filed an appeal of the redetermination. On December 2, 2003, the director transferred jurisdiction to the commission. The commission conducted a hearing on the matter on January 28, 2004, and issued its decision on February 26, 2004. In its decision, the commission modified the redetermination decision. Specifically, the commission determined that Whaley had not withdrawn his application for determination of benefits of rights filed on April 8, 2003. However, the commission found that when Whaley filed his application for benefit rights in Ohio on April 8, 2003, his New Jersey application was still open with a benefit period ending on April 26, 2003. Thus, the commission concluded that Whaley's April 8, 2003 application was not valid and on that basis, he was not entitled to the benefits which he received from April 19, 2003, through June 21, 2003. In its decision, the commission ordered Whaley to repay $4,240, which he received in benefits for those weeks. March 18, 2004, Whaley filed a request for review by the commission, which was disallowed by the commission April 8, 2004.
 {¶ 8} May 5, 2004, Whaley appealed the commission's decision to the Trumbull County Court of Common Pleas. By its May 20, 2005 judgment entry, the court reversed the commission's decision finding that it was unreasonable and unlawful. The commission filed a timely appeal from the court's decision, asserting the following assignments of error:
 {¶ 9} "[1.] The lower court erred in reversing the Ohio Unemployment Compensation Review Commission's decision that [Whaley] was paid benefits to which he was not entitled where that decision was not unlawful, unreasonable or against the manifest weight of the evidence.
 {¶ 10} "[2.] The lower court erred in finding that the Review Commission violated Federal regulations and that it was the responsibility of the Director, Ohio Job and Family Services, to determine if Whaley had an open unemployment compensation claim in New Jersey."
 {¶ 11} The commission's assignments of error both involve the judgment of the trial court in reversing the decision of the commission and we shall address them in a consolidated manner. Essentially, the commission argues that the trial court violated the standard of review, disregarded its limited function in reviewing the commission's decision, and substituted its own judgment for that of the commission. We disagree.
 {¶ 12} We begin with a discussion of the applicable standard of review. R.C. 4141.282(H) provides that in a review by a common pleas court of a review commission's decision: "[t]he court shall hear the appeal on the certified record provided by the commission. If the court finds that the decision of the commission was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse, vacate, or modify the decision, or remand the matter to the commission. Otherwise, the court shall affirm the decision of the commission."
 {¶ 13} In unemployment cases, reviewing courts are to review the decisions of the Board with the same standard as must be used by the trial court, that is whether a decision of the board is unlawful, unreasonable, or against the manifest weight of the evidence.Tzangas, Plakas Mannos v. Ohio Bur. of Emp. Services (1995),73 Ohio St.3d 694, 697. As the review commission is in the best position to weigh evidence and assess the credibility of the witnesses, a reviewing court may not infringe on that primary jurisdiction and replace its judgment with that of the review commission. Simon v. Lake GeaugaPrinting Co. (1982), 69 Ohio St.2d 41. In fact, appellate courts are not permitted to make factual findings, and are limited to determining whether the commission's decision is supported by credible evidence in the record. Tzangas, at 696. This same standard of review is shared at every level of review. Id.
 {¶ 14} In order to be eligible for unemployment compensation, the statutory requirements of R.C. 4141.29 must be met. R.C. 4141.29(A) provides in part that:
 {¶ 15} "(A) No individual is entitled to * * * benefits for any week unless the individual:
 {¶ 16} "(1) Has filed a valid application for determination of benefit rights * * * [.]"
 {¶ 17} R.C. 4141.35(B) governs the repayment of unemployment benefits that have been paid in error and states: "[i]f the director finds that an applicant for benefits has been * * * paid benefits to which the applicant was not entitled for reasons other than fraudulent misrepresentation, the director shall: "(1)(A) [w]ithin six months after the determination under which the claimant was * * * paid benefits becomes final * * * or within three years after the end of the benefit year in which such benefits were claimed, whichever is later, by order * * * require that such benefits be repaid to the director * * *, provided that the repayment or withholding shall not be required where the overpayment is the result of the director's correcting a prior decision due to a typographical or clerical error in the director's prior decision * * *[.]"
 {¶ 18} The commission determined that Whaley was not entitled to the unemployment benefits he received and further determined that he was obligated to repay those benefits in the amount of $4,240.
 {¶ 19} In its decision, the commission made the following findings of fact. "On April 28, 2002, [Whaley] filed an application for determination of benefit rights in New Jersey. That application was allowed with a benefit year beginning April 28, 2002, and ending April 26, 2003. [Whaley] filed an application for determination of benefit rights in Ohio on April 8, 2003. Initially, that application was allowed. By an initial determination mailed September 23, 2003, [ODJFS] disallowed that application because Whaley had a benefit year that had not expired. Whaley received unemployment compensation benefits in the amount of $424 for each of the weeks from April 19, 2003 through June 21, 2003. Whaley did not withdraw his application for determination of benefits filed April 8, 2003."
 {¶ 20} The hearing officer reasoned that "Whaley should not be found not entitled to benefits based upon an allegation that he withdrew his application. Instead, the commission found Whaley ineligible based upon the following: "In order to be held eligible for benefits for a given week, that individual must have a valid application for determination of rights in effect. ODJFS has disallowed the claimant's application filed April 8, 2003, because he had a benefit year which had not expired. In that he filed his application on April 8, 2003, and his New Jersey application was allowed with a benefit year ending April 26, 2003, it appears that the decision was correct."
 {¶ 21} The reasoning of the commission in determining that Whaley's application was not valid based upon the undisputed fact that his benefit period in New Jersey had not yet expired is flawed. In order for Whaley to avoid repayment, he was obligated to demonstrate that his receipt of benefits was based upon an earlier decision which granted him benefits because of a typographical or clerical error. R.C. 4141.35(B). This is truly the case in this matter. The bureau first allowed, than disallowed three months later, his application, they then informed him he had withdrawn a claim he did not withdraw, then the hearing officer found a proper denial of the claim upon grounds that the bureau did not assert. Whaley had legitimately applied for his claim and had asked the bureau for unemployment assistance for himself and his family. He applied to the bureau for help in obtaining benefits for which he was entitled in either New Jersey or Ohio.
 {¶ 22} The trial court was correct in its finding that the bureau denied benefits because the claimant had an open claim in New Jersey. "Having an open claim" is not the same as receiving or seeking benefits.
 {¶ 23} The hearing officer made no findings as to why Whaley received those payments despite his testimony that he disclosed on his initial phone application that he may have an open claim in New Jersey.
 {¶ 24} The trial court did consider the issue of the error that resulted in Whaley receiving Ohio benefits and found the agency's determination unreasonable in light of Whaley's eligibility to receive those benefits.
 {¶ 25} The trial court found that Whaley did all he could do to file a proper claim and that ODJFS was solely responsible for determining whether Whaley had a valid claim in New Jersey. The trial court found the agency's determination unlawful and unreasonable. For multiple reasons, we agree
 {¶ 26} At the hearing, Whaley testified that he was aware that he may have an open New Jersey claim. He stated as much to the bureau upon his initial application. Whaley also would have been precluded from reapplying at the expiration of his previous benefit year on April 26, 2003, as the bureau was already processing his original claim and administratively does not allow multiple claims for the same period. Whaley assumed that by informing the bureau of the situation and asking them for help that they would make the determination as to which state would accept the claim. Whaley was eligible to receive compensation from either state during the applicable time period. The bureau's decision, their erroneous mailings, their broken computer, the length of time it took for them to make the determinations all for different reasons, in this matter, precluded him from being eligible in either state for benefits to which he was entitled. He further testified that he never checked his records to verify whether he had an open claim in New Jersey when he filed for benefits in Ohio. There is no applicable Ohio statute section which this court could find that placed the burden upon Whaley to verify his claim status in New Jersey prior to applying for benefits in Ohio. Whaley's wife was called as a witness at the hearing. She produced a copy of the New Jersey "Notice to claimant of benefit determination" from personal records, indicating Whaley's benefit year from April 28, 2002, through April 26, 2003. There is no question that Whaley would be eligible for Ohio benefits as of April 26, 2003, a mere two weeks after his initial claim was filed.
 {¶ 27} The commission asserts that the trial court improperly made inferences and findings of fact as to fault when it determined that ODJFS conduct was unlawful based upon an independent finding of fact that it was the duty of the ODJFS to verify whether Whaley had an open claim in New Jersey. This is but one of the findings the trial court made based upon the record before it.
 {¶ 28} Based upon the judgment entry of the trial court which premised its determination and judgment on the state statutory standard of "unreasonable and unlawful," it found error in the decision of the bureau.
 {¶ 29} We decline to interpret federal law, as applied to Ohio's unemployment compensation statutes, in permitting an applicant for unemployment to file a valid application for benefits for unemployment in Ohio while he has an expired benefit period in another state.
 {¶ 30} In its judgment entry, the trial court relied in part upon R.C. 4141.31(C) which provides as follows: "[n]o benefits shall be paid for any week with respect to which or a part of which an individual has received or is seeking unemployment benefits under an unemployment compensation law of any other state * * * ." Thus, R.C. 4141.31(C) prohibits an individual from receiving Ohio unemployment benefits while receiving or seeking unemployment benefits from another other state.
 {¶ 31} The court properly found that Whaley did not receive and was not seeking unemployment benefits from New Jersey. The commission, however, determined that Whaley's application was invalid pursuant to R.C. 4141.29 because he had an unexpired benefit term. The commission determined that Whaley was obligated to repay all of the benefits he received. As Whaley was entitled to benefits for unemployment compensation at the time he applied, from either New Jersey or Ohio, the court found this unlawful and unreasonable to deny him those benefits after the agency's contradictory and dilatory handling of the claim. This is clear from the record before the trial court.
 {¶ 32} Appellant's first assignment of error is without merit. Due to the disposition of the first assignment of error, the second assignment of error is moot.
 {¶ 33} Whaley filed a cross-appeal, asserting one assignment of error:
 {¶ 34} "The court of common pleas erred in failing to grant the appeal due to the failure of the department to file the record."
 {¶ 35} Former R.C. 4141.282(F), in effect when this appeal was before the trial court, provided that the review commission, "within forty-five days after a notice of appeal is filed, shall file with the clerk a certified transcript of the record of the proceedings at issue before the commission."[1]
 {¶ 36} Whaley filed an appeal to the Court of Common Pleas May 5, 2004. June 22, 2004, Whaley filed a motion for default judgment based upon the failure of the commission to file the record within the forty-five day period. June 23, 2004, the commission filed a motion for extension of time to file the record of proceedings. On July 7, 2004, the court granted the commission's request for extension until July 12, 2004.[2] July 15, 2004, the commission filed a second motion for extension of time to file the record until July 22, 2004, and memorandum in support. In the memorandum, the commission stated that "despite due diligence" the commission was unable to transcribe the hearing and tape and compile the record within the extension of time granted. The commission further asserted that the delay would not result in prejudice to Whaley, because the matter was not scheduled for a status conference until August 18, 2004. July 19, 2004, Whaley filed a renewed motion for default judgment. On that same day, the record was filed by the commission. On August 17, 2004, the court denied Whaley's renewed motion for judgment.
 {¶ 37} Whaley argues the court was required to grant the appeal the first time the commission failed to file the record within the forty-five day statutory period. In support of his proposition, Whaley relies on this court's decision in Rumple v. Ohio Bur. of Emp.Services (May 31, 1977), 11th Dist. No. 2462, 1977 Ohio App. LEXIS 7908. However, Whaley's reliance on Rumple is misplaced. This court expressly overruled Rumple in Newman v. Ohio Bur. of Emp. Services (Dec. 31, 1981), 11th Dist. No. 1065, 1981 Ohio App. LEXIS 14642, at 6. InNewman, we held that "[w]hile the statute imposes a duty upon the board to file a transcript * * * non-compliance does not mandate reversal." Id. Thus, the trial court was not required to reverse the commission's decision.
 {¶ 38} Further, it is clear that the trial court was not empowered to grant Whaley's motion for default judgment. R.C. 4141.282 requires that the trial court reach the merits of the appeal, based upon the record as certified by the commission. R.C. 4141.282(H). As such, the court was without authority "ipso facto to resolve this matter by default judgment". Corcoran v. Admt. Ohio Bur. of Emp. Services (Nov. 20, 1985), 1st. Dist. No. C-850019, 1985 Ohio App. LEXIS 9335, at 7-8.
 {¶ 39} Whaley's sole assignment of error in his cross-appeal, is without merit.
 {¶ 40} For the foregoing reasons, the commission's assignments of error and Whaley's assignment of error on cross-appeal are not well-taken. The judgment of the Trumbull County Court of Common Pleas is hereby affirmed.
WILLIAM M. O'NEILL, J., concurs,
CYNTHIA WESTCOTT RICE, J., concurs in judgment only.
[1] September 5, 2005, the Ohio legislature amended R.C. 4141.282 to address this issue. It provides that if the commission cannot file the record of its proceedings within the statutory forty-five day period, or within the time granted by a court ordered extension, the matter must be remanded to the commission for additional proceedings to provide an appealable record.
[2] It appears from the record that the court did not rule upon Whaley's June 22, 2004 motion. Thus, it is deemed overruled.