OPINION
{¶ 1} Appellant-appellant, Kimberly K. Chambers ("appellant"), appeals from a judgment of the Franklin County Court of Common Pleas, affirming a decision of the Unemployment Compensation Review Commission ("commission") that denied appellant's request for unemployment compensation.
 {¶ 2} Appellant was employed by First USA Management Services, Inc. ("First USA") as a financial services advisor from April 28, 2004 through May 3, 2005, when she was discharged for problems related to job performance. *Page 2 
 {¶ 3} Following her termination, appellant applied for unemployment compensation benefits. On May 23, 2005, the director issued an initial determination that appellant was discharged by First USA without just cause in connection with her work performance, and allowed appellant to receive unemployment benefits. First USA pursued timely appeals, and on August 10, 2005, ODJFS transferred jurisdiction to the commission.
 {¶ 4} On December 28, 2005, a hearing was held before Dina R. Stanley, a hearing officer, who, in a decision issued February 7, 2006, reversed the director's determination and concluded that appellant was discharged for just cause. The hearing officer explained her reasoning:
 The facts provide the claimant failed to meet the employer's standards after being presented with written warnings about her job performance. The claimant had left her phone available for incoming calls, and that artificially boosted her production statistics and her availability. The claimant did not have her employer's best interests in mind when she did not log out of her system after her shift was over. It will be found the claimant was discharged for just cause in connection with work. There is a disqualification of benefit rights due to this reason for separation.
(Decision of Hearing Officer Dina R. Stanley, Feb. 7, 2006, at 2.) As a result, appellant's benefits were suspended, and she was ordered to repay the benefits she had previously received. Appellant appealed that decision, which the commission denied on March 16, 2006. On April 17, 2006, appellant filed an administrative appeal with the Franklin County Court of Common Pleas pursuant to R.C. 4141.282. In a decision dated September 18, 2006, the trial court affirmed the findings of the commission. The instant appeal followed. *Page 3 
 {¶ 5} We begin by noting that appellant's brief fails to set forth any assignments of error. Instead, appellant provides a two-page typed narrative of her version of the underlying facts. Therein, appellant essentially argues that the trial court's decision affirming the commission's decision was unlawful, unreasonable, and against the manifest weight of the evidence. App.R. 16(A) expressly requires an appellant to set forth assignments of error. Assignments of error should designate specific rulings that the appellant wishes to challenge on appeal. Dailey v. R J Commercial Contracting, Franklin App. No. 01AP-1464, 2002-Ohio-4724, at ¶ 17, quoting Taylor v. Franklin Blvd.Nursing Home, Inc. (1996), 112 Ohio App.3d 27, 32. Without assignments of error, an appellate court has nothing upon which to rule. The fact that appellant is acting pro se is immaterial because a pro se person" `is held to the same rules, procedures and standards as those litigants represented by counsel and must accept the results of her own mistakes and errors.'" Id., quoting Dornbirer v. Paul (Aug. 19, 1997), Franklin App. No. 96APE11-1560, discretionary appeal not allowed,80 Ohio St.3d 1476.
 {¶ 6} Putting aside appellant's briefing and technical failures, consideration of appellant's argument still leads us to the conclusion that the instant appeal is without merit. Appellant's argument is somewhat hard to follow, but she appears to be challenging the trial court's finding that the commission did not err in determining that appellant was terminated for just cause.
 {¶ 7} Pursuant to R.C. 4141.29(D)(2)(a), an employee is ineligible to receive unemployment compensation benefits if he or she was discharged for "just cause." Just cause is conduct that would lead a person of ordinary intelligence to conclude the surrounding circumstances justified the employee's discharge. Cooper v. Ohio Dept. of *Page 4 Job and Family Servs. (Jan. 15, 2002), Scioto App. No. 01CA2783, citingDurgan v. Ohio Bur. of Emp. Serv. (1996), 110 Ohio App.3d 545. In determining an application for unemployment compensation, the commission considers whether an award of benefits will further the underlying purpose of unemployment compensation: to provide financial assistance to those who become unemployed through no fault of their own. TzangasPlakas v. Ohio Bur. of Emp. Servs. (1995), 73 Ohio St.3d 694.
 {¶ 8} The determination of whether just cause exists depends upon the factual circumstances of each case. Irvine v. Unemp. Comp. Bd. of Rev.Comm. (1985), 19 Ohio St.3d 15. Purely factual determinations are primarily within the province of the hearing officer and commission. Id. The claimant has the burden of proving his or her entitlement to unemployment compensation benefits under the law. Id.
 {¶ 9} Upon appeal to the court of common pleas, "[t]he court shall hear the appeal on the certified record provided by the commission. If the court finds that the decision of the commission was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse, vacate, or modify the decision, or remand the matter to the commission. Otherwise, the court shall affirm the decision of the commission." R.C. 4141.282(H). A reviewing court applies the same standard of review as the common pleas court. Tzangas, supra.
 {¶ 10} The court's scope of review thus is limited. A court may not make factual determinations or substitute its judgment for that of the commission. Irvine, supra. Where the commission might reasonably decide either way, the courts have no authority to upset the commission's decision. Id. While appellate courts are not permitted to make factual findings or determine the credibility of witnesses, they have the duty to determine *Page 5 
whether the record contains evidence to support the commission's decision. Tzangas, supra.
 {¶ 11} Here, the record contains the following relevant facts. On November 15, 2004, First USA issued a written warning to appellant regarding some deficiencies in her job performance. The warning apprised appellant that her job performance was substandard, and that she was not completing her daily count sheet correctly. The warning also noted that appellant had difficulty receiving criticism, and attributed her errors to problems with the system, inadequate training, and/or her manager(s) being wrong. Therein, appellant was advised that she needed to increase her job performance, correctly and accurately record the amount of work (calls) that she processes, and be receptive to coaching and feedback. The warning letter was signed by appellant's manager; the space for appellant's signature indicates that she refused to sign it. Problems with appellant's job performance continued. Twice, in April 2005, appellant left her phone available for incoming calls after her shift concluded, resulting in an artificial boost in her production statistics and an artificial inflation of her availability. First USA terminated appellant on May 4, 2005, citing three main reasons: (1) the incident in which appellant left her phone available for calls after her shift concluded; (2) failure to meet overall standards of productivity; and (3) the problem with availability (the amount of time an advisor is expected to be on the phone, which in this case, is 82.4% of the time).
 {¶ 12} At the hearing held on December 28, 2005, Olen Dodge ("Dodge"), a team manager at First USA, testified that appellant was informed on several occasions that her job was in jeopardy. After the November warning letter, appellant's performance improved to an acceptable level in December, but declined in February. Dodge also *Page 6 
explained that appellant's work attitude was a problem; appellant could not accept criticism and had difficulty accepting responsibility for errors when brought to her attention.
 {¶ 13} Appellant testified that she believes she was fired because she did not "see eye to eye" with Dodge. (Hearing Tr. at 24.) She denied having left her phone on after her shift ended, and attributed the incidents to problems with the phone system. Appellant also testified that she believed Dodge, as the manager, should check to ensure employees log off, and his failure to do so showcases his ineffective management style.
 {¶ 14} Given the record before us, and bearing in mind that appellant has the burden of proof, this court finds the commission's decision that appellant was terminated for just cause by First USA is not unlawful, unreasonable, or against the manifest weight of the evidence. As a reviewing court, we must defer to the commission's credibility assessment and factual determinations in the case. The evidence provided in the record is sufficient to support the commission's finding of just cause for appellant's termination.
 {¶ 15} For the foregoing reasons, the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
 BRYANT and FRENCH, JJ., concur. *Page 1