[Cite as *Hicks v. Ohio Dept. of Job & Family Servs.*, 2014-Ohio-2735.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Melissa A. Hicks, | : | |
| Appellant-Appellant, | : | |
| | | No. 13AP-902 |
| v. | : | (C.P.C. No. 13CVF-05-5442) |
| Ohio Department of Job and Family Services et al., | : | (REGULAR CALENDAR) |
| | : | |
| Appellees-Appellees. | : | |
| | : | |

## D E C I S I O N

### Rendered on June 24, 2014

*Melissa A. Hicks*, pro se.

*Michael DeWine*, Attorney General, and *David E. Lefton*, for appellee Director of Ohio Department of Job & Family Services.

*McNees Wallace & Nurick LLC,* and *Samuel N. Lillard*, for appellee Bruce D. Bagley et al.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶1} Appellant, Melissa A. Hicks ("appellant"), appeals from a judgment of the Franklin County Court of Common Pleas affirming a decision of the Unemployment Compensation Review Commission ("commission"). The commission concurred with a determination of appellee Ohio Department of Job and Family Services, Office of Unemployment Compensation ("ODJFS"). ODJFS disallowed appellant's claim for unemployment compensation benefits based on its finding that her employer, appellee McNees Wallace & Nurick, LLC (the "employer" or "law firm"), discharged her from her employment for just cause. We affirm the judgment of the common pleas court.

## I.  Facts

{¶2}     The employer is a law firm at which appellant began working as a legal secretary in July 2010. At appellant's initial review in December 2010, she was counseled that she should be aware that it was important that her self-assurance not be construed by others as arrogance or disrespect of other workers.  At her annual review in July 2011, the law firm notified appellant that, although she was very capable, her office conduct was sometimes inappropriate; her communication skills needed improvement; and her coworkers found her, at times, to be combative and negative. In August 2011, employer paid for appellant to attend a communication-training seminar and released her from her usual job duties to allow her to  attend.

{¶3}     On April 12, 2012, the employer placed appellant on a 90-day probation period based on its finding that her interpersonal relations with coworkers had continued to be problematic. Appellant was advised in a written warning letter of the same date that disrespect of her coworkers and supervisors would not be tolerated and that she would be terminated if an additional infraction occurred.

{¶4}     In July 2012, appellant received her second annual review. The employer observed that she had completed the probationary period without incident, and it therefore released her from probation.  But employer again advised appellant that "future interpersonal/communication incidents will not be tolerated, and if we determine that [you have] behaved disrespectfully or inappropriately with a peer or supervisor, the occurrence will result in the termination of [your] employment."  (Employer Statement, Attachment F.)

{¶5}     On November 1, 2012, the employer terminated appellant's employment following an incident that occurred on October 26, 2012, in the reception area of the law firm.  An attorney who supervised appellant reported that he had overheard appellant speaking to another legal secretary in a loud voice—so loudly that, while conducting an interview in a nearby conference room, he could hear appellant's voice even though the conference room door was closed.  The coworker, Renee Gannon, later testified that the conversation concerned scheduling of coverage of the front desk during absences of the receptionist and that appellant had escalated her voice as the conversation progressed. Gannon stated that, during the conversation, another office worker approached and asked

what was going on, whereupon Gannon stated that appellant was "acting a little cocky." (Mar. 11, 2013 Tr. 12.) Gannon said that this statement upset appellant; "her voice rose and she just said 'I am not' "; Gannon then told her " 'shhhh, your boss is in the hearing room having a conference,' " to which appellant responded, "I don't care," and Gannon then threw up her hands and walked away. (Mar. 11, 2013 Tr. 12.) Gannon denied having herself raised her voice during the incident. In her testimony, appellant acknowledged that the incident had occurred and that she had raised her voice during the conversation. She testified that her coworker, Gannon, had also raised her voice, yet the coworker had not been disciplined for it.

{¶6} The law firm's human resources ("HR") director testified that the employer considered the October 26, 2012 incident to be the final incident of what had been a series of interpersonal interaction issues. The HR director acknowledged that the employer had no performance or attendance concerns concerning appellant and that she believed appellant had made a good-faith attempt to meet the employer's standards after attending the communication-training seminar. The HR director further testified that, in her view and regardless of subject matter or provocation, yelling in a professional law office is inappropriate.

{¶7} Appellant applied for unemployment compensation benefits, and the ODJFS issued an initial determination denying the claim. The agency determined that appellant had demonstrated a disregard of the standards of behavior that an employer has a right to expect; her actions were such that an ordinary person would find the discharge justifiable; and appellant had therefore been discharged with just cause. Appellant appealed the initial determination, but the director of ODJFS issued a redetermination also denying appellant's claim, based on the conclusion that appellant was discharged with just cause under R.C. 4141.29(D)(2)(a).

{¶8} Appellant then appealed the director's redetermination pursuant to R.C. 4141.281. In her notice of appeal, she asserted that she had been terminated in retaliation for having reported aggressive and hostile behavior by the attorney who had reported the incident to the HR director. Appellant further claimed that she had been subjected to a hostile work environment. She acknowledged that she had engaged in a "discussion" in the

reception area with her coworker on October 26, 2012, but stated that she could not leave the front desk area at that time and was trying to deflate the situation.

{¶9} The director of ODJFS transferred the matter to the commission, as authorized by R.C. 4141.281(B). The commission assigned the matter to a hearing officer, who conducted an administrative appeal hearing via telephone conference calls, as authorized by R.C. 4141.281(D)(3). Testimony was given on three separate days: January 16, February 4, and March 11, 2013.

{¶10} On March 14, 2013, the hearing officer affirmed the director's redetermination. He specifically found that appellant had been discharged for just cause and was therefore not entitled to unemployment compensation benefits. Consistent with the hearing officer's decision, the commission disallowed appellant's request for review.

{¶11} Pursuant to R.C. 4141.282, appellant timely filed a notice of appeal of the commission's decision in the Franklin County Court of Common Pleas. The court found the commission's decision to be reasonable, lawful, and supported by the evidence and, therefore, affirmed it.

## II. ANALYSIS

{¶12} In her appeal to this court, appellant asserts the following three assignments of error:

> I. THE COURT ABUSED ITS DISCRETION WHEN IT FAILED TO APPLY ORC 4141.281[D])(6) WHEN THE HEARING OFFICER FAILED TO FOLLOW ORC 4141.281[D](6) BY POSTPONING THE HEARING OF FEBRUARY 4, 2013 AFTER APPELLEE MCNEE WALLACE & NURICK LLC FAILED TO APPEAR OR REQUEST A POSTPONEMENT IN A TIMELY MANNER.
>
> II. THE COURT ABUSED ITS DISCRETION WHEN IT FAILED TO APPLY ORC 4141.281([C])(3) WHEN THE COMMISSION AND DIRECTOR OF THE DEPARTMENT OF JOB AND FAMILY SERVICES FAILED TO FILE A COMPLETE DIRECTOR'S FILE WITH THE COURT.
>
> III. THE COURT'S DECISION WAS UNREASONABLE, UNLAWFUL AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶13} In examining these assignments of error, we are cognizant of the appropriate standard of review we must apply. A reviewing court may reverse a just-cause determination by the commission only if it is unlawful, unreasonable or against the manifest weight of the evidence. R.C. 4141.282(H); *Tzangas, Plakas & Mannos v. Ohio Bur. of Emp. Servs.,* 73 Ohio St.3d 694 (1995), paragraph one of the syllabus. The reviewing court may not make factual findings or determine a witness's credibility. *Williams v. Dept. of Job & Family Servs.,* 129 Ohio St.3d 332, 2011-Ohio-2897, ¶ 20. The court "must affirm the commission's finding if some competent, credible evidence in the record supports it." *Id.* "The focus of an appellate court when reviewing an unemployment compensation appeal is upon the commission's decision, not the trial court's decision." *Mustafa v. St. Vincent Family Ctrs., Inc.,* 10th Dist. No. 12AP-305, 2012-Ohio-5775, ¶ 6.

{¶14} In her first assignment of error, appellant asserts that the hearing officer should not have allowed additional testimony to be given after the conclusion of the February 4, 2013 telephone hearing. In order to address this assignment of error, it is necessary that we recount additional procedural facts concerning the administrative appeal.

{¶15} The initial January 16, 2013 telephone hearing was scheduled to last 45 minutes. On that date, after 55 minutes, the hearing officer observed that the original 45-minute scheduled hearing time had expired but that not all of the witnesses had testified. After conferring with the parties, he continued the hearing to February 4, 2013, at 9:15 a.m. The commission thereafter sent formal notices of that continued hearing date to the parties.

{¶16} On February 4, 2013, the hearing resumed, again by telephone. Appellant and her counsel participated in the hearing. At the beginning of the hearing, the hearing officer noted for the record that, although the employer's counsel and HR director had participated by telephone in the January 16 hearing, neither the employer's counsel, witnesses, nor other representative had called in at the prescribed hearing time. The hearing officer advised that he would nevertheless proceed with the hearing. Accordingly, appellant testified during the February 4 hearing.

{¶17}  After appellant's testimony, the hearing officer observed that appellant's coworker, Gannon, had not yet testified concerning the October 26, 2012 incident.  He stated as follows:

> I'm not inclined to postpone the matter yet again here to * * * possibly to hear from Ms. Gannon again.  We, we had an agreed date here they had called in last time the * * * company hasn't called in this time so I don't * * * think we need to  * * *.  I'm not inclined to postpone it again.
>
> * * *
>
> * * * I'll take the matter under advisement and issue a written decision that will come in the mail.

(Feb. 4, 2013 Tr. 14-15.)

{¶18}  On February 8, 2013, however, the commission sent the parties notices that the hearing would resume on February 21, 2013, effectively continuing the hearing. The commission thereafter postponed the February 21 hearing and rescheduled it for March 11, 2013.

{¶19}  The hearing resumed on March 11, 2013.  Appellant and her counsel, the employer's counsel, Sam Lillard, appellant's coworker, Gannon, and the HR director all participated in the hearing.  At the beginning of the hearing, the hearing officer noted that, about an hour after the hearing had ended on February 4, 2013, one of Lillard's colleagues had called the commission to advise it that Lillard had been delayed by weather.  The hearing officer told the parties that he intended to allow Lillard an opportunity to cross-examine appellant and that he would then hear Gannon's testimony, after which the parties would be provided an opportunity to make closing statements.  He stated that he would then take the matter under advisement and issue a "written decision that's going to be based on the information already in the record as well as the testimony that's taken here today." (Mar. 11, 2013 Tr. 16.)  The hearing officer asked the participants whether they had any questions, and no one participating in the hearing asked any questions or objected to the procedure the hearing officer had described.  Accordingly, Lillard then cross-examined appellant, and Gannon testified.

{¶20}  In considering appellant's first assignment of error challenging the continuation of the hearing until March 14, 2013, we note that R.C. 4141.281 governs

administrative appeals from a director's redetermination of a claim for unemployment benefits. R.C. 4141.281(B) authorizes the director to transfer such an appeal to the commission. R.C. 4141.281(C)(2) provides that the administrative appeal may be conducted by a hearing officer appointed by the commission. Consistent with principles of due process, "all hearing officers shall control the conduct of the hearing * * * [and] are not bound by common law or statutory rules or evidence or by technical or formal rules of procedure." R.C. 4141.281(C)(2). Moreover, a hearing officer is obligated by Ohio Adm.Code 4146-7-02 to "conduct hearings * * * in such order and manner and shall take any steps consistent with the impartial discharge of [the hearing officer's] duties which appear reasonable and necessary to ascertain all relevant facts and to render a fair and complete decision on all issues which appear to be presented."

{¶21} In this case, it is true that the hearing officer stated at the conclusion of the February 4 hearing that he was not inclined to continue the hearing and expected instead to thereafter issue a written decision. However, upon being informed after the hearing that counsel for the employer had been unable to call in due to inclement weather, the hearing officer once again continued the hearing. Consistent with Ohio Adm.Code 4146-5-07(B), the commission sent notices of the continued hearing to the parties. We find that the hearing officer acted within his statutory and regulatory authority by continuing the February 4 hearing until March 14, 2013.

{¶22} Appellant argues that, pursuant to R.C. 4141.281(D)(6), when appellee failed to appear on February 4, 2013, the hearing officer lacked authority to continue the hearing. That statute provides:

> For hearings at either the hearing officer or review level, *if the appellee fails to appear at the hearing, the hearing officer shall proceed with the hearing and shall issue a decision based on the evidence of record.* The commission shall vacate the decision upon a showing that written notice of the hearing was not sent to the appellee's last known address, or good cause for the appellee's failure to appear is shown to the commission within fourteen days after the hearing date.

(Emphasis added.) R.C. 4141.281(D)(6).

{¶23}  R.C. 4141.281(D)(6), thus, establishes that, in the event an appellee fails to appear at the hearing, a hearing officer nevertheless "shall proceed with the hearing and shall issue a decision based on the evidence of record."  Appellant argues that, based on this statutory text, the hearing officer lacked authority to continue the hearing after Lillard's non-appearance on February 4.  She contends that the hearing officer was required to issue his decision based on the evidence in the record as of the end of that hearing.  She argues that appellees' sole remedy, after Lillard failed to appear at the February 4, 2013 hearing, was to wait for the issuance of the hearing officer's decision and then, if unsatisfied with the decision, move to vacate it, as described in the second sentence of R.C. 4141.281(D)(6).

{¶24}  We reject appellant's interpretation as it is inconsistent with the authority concerning unemployment compensation hearings granted to hearing officers by the governing statutes and rules. *See Howard v. Electronic Classroom of Tomorrow,* 10th Dist. No. 11AP-159, 2011-Ohio-6059, ¶ 16*,* quoting *Bulatko v. Dir., Ohio Dept. of Job & Family Servs.,* 7th Dist. No. 07 MA 124, 2008-Ohio-1061, ¶ 11 (a " 'hearing officer has broad discretion in accepting and rejecting evidence and in conducting the hearing in general' "). The hearing officer could have, in his discretion, determined to proceed directly to his decision after the February 4, 2012 hearing.  *Accord Lawson v. State Unemp. Comp. Bd. of Review*, 8th Dist. No.  70256 (Nov. 21, 1996).  But it was also within his discretion to instead continue the hearing to allow the employer to produce additional testimony. That authority is specifically provided by Ohio Adm.Code 4146-5-07(B), which provides that a hearing officer may "[o]n [his] own motion, or upon the showing of good cause by an interested party * * *  adjourn or continue the hearing to a different time and/or place." Moreover, the hearing officer's continuance of the hearing was consistent with his obligation pursuant to Ohio Adm.Code 4146-7-02 to ascertain all relevant facts.  We discern no abuse of discretion by the hearing officer in this case in continuing the hearing.

{¶25}  We therefore overrule appellant's first assignment of error.

{¶26}  By her second assignment of error, appellant asserts that the court abused its discretion when it failed to apply R.C. 4141.281(C)(3) when the commission and director of ODJFS failed to file a complete director's file with the court.  Appellant correctly observes that the administrative record certified by ODJFS, as initially filed in the

common pleas court, did not include a transcript of the January 4, 2013 hearing. Appellant contends that, pursuant to R.C. 4141.281(C)(3), the court should have ruled in her favor based on this omission.

{¶27}   We reject appellant's contention for two reasons. First, the statute she references, R.C. 4141.281, governs procedure at the administrative level—not at the common pleas court. Second, upon discovering that the record as certified by the commission lacked a copy of the February 4, 2013 transcript, the court of common pleas ordered the commission to provide it with one.  The commission complied with that order on September 10, 2013, and the court had the February 4 transcript before it at the time it rendered its decision.  Accordingly, although its initial certified record did not include that transcript, ODJFS ultimately did satisfy its R.C. 4141.282 responsibility to provide a complete copy of the record to the common pleas court.

{¶28}   The commission's obligation to provide the common pleas court with a transcript of the February 4 hearing arose under R.C. 4141.282.  That statute, which governs the procedure of an appeal of commission decisions to a court of common pleas, provides as follows:

> (F)(1) Except as specified in division (F)(2) of this section, *the commission*, within forty-five days after a notice of appeal is filed or within an extended period ordered by the court, *shall file with the clerk a certified transcript of the record of the proceedings at issue before the commission.* The commission also shall provide a copy of the transcript to the appellant's attorney or to the appellant, if the appellant is not represented by counsel, and to any appellee who requests a copy.
>
> (2) *If the commission cannot file the certified transcript of the record of proceedings* within forty-five days after a notice of appeal is filed, or within an extended period ordered by the court, *then the court shall remand the matter to the commission for additional proceedings in order to complete the record on appeal.* The additional proceedings may include a new hearing before the commission or a designated hearing officer.

(Emphasis added.) R.C. 4141.282(F).

{¶29}    The statute thus requires the commission to file with the clerk of courts a certified transcript of the record of the proceedings within 45 days of the filing of the notice of appeal, unless the period is extended by the court.    If the commission fails to timely file the record, the remedy is provided by subsection (F)(2) of R.C. 4141.282, i.e., the court is to "remand the matter to the commission for additional proceedings in order to complete the record on appeal."    Nothing in the statutory scheme warrants the conclusion that a failure of the commission to comply with its obligation to timely file a complete copy of the record is determinative of the issues on appeal. *Accord Whaley v. Ohio Dept. of Job & Family Servs.,* 11th Dist. No. 2005-T-0070, 2006-Ohio-7017, ¶ 37 (quoting *Newman v. Ohio Bur. of Emp. Servs.*, 11th Dist. No. 1065 (Dec. 31, 1981) (" 'While [R.C. 4141.282(F)]  imposes a duty upon the board to file a transcript * * * non-compliance does not mandate reversal.' ").

{¶30}    In this case, the commission certified its record as complete on July 5, 2013, but that record omitted a transcript of the February 4, 2013  hearing.  Appellant was not, however, prejudiced by the commission's failure to initially include a transcript of the February 4 hearing in the record, nor is she entitled to judgment in her favor on the merits of her unemployment claim based on that failure. On September 10, 2013, the commission refiled the record, pursuant to the court's order that it do so, and the refiled record included a transcript of the February 4, 2013 hearing.  Under R.C. 4141.282(F)(2), the remedy for failure to timely provide a complete record is for the commission to correct its record and to complete the record in order that the common pleas court may review the matter in view of a full and complete record.  That is the result that was obtained in this case.

{¶31}    We therefore overrule appellant's second assignment of error.

{¶32}    By her third assignment of error, appellant contends the court's decision is unreasonable, unlawful, and against the manifest weight of the evidence.  Unemployment benefits are paid to eligible individuals in the amounts and subject to the conditions stipulated in R.C. Chapter 4141 to compensate them for loss of remuneration due to involuntary total or partial unemployment. *Braun v. Indep. Taxi Cab Assn. of Columbus, Inc.,* 10th Dist. No. 11AP-94, 2011-Ohio-6056, ¶ 13, citing R.C. 4141.29.  "A claimant who * * *  has been discharged for just cause in connection with his or her work is not entitled

to unemployment compensation benefits."  *Id.*; R.C. 4141.29(D)(2)(a).  "The claimant has the burden to prove his or her entitlement to benefits."  *Id.,* citing *Irvine v. Unemp. Comp. Bd. of Rev.*, 19 Ohio St.3d 15, 17 (1985).

{¶33}   A just-cause determination must be consistent with the legislative purpose underlying the Unemployment Compensation Act: to provide financial assistance to individuals who are involuntarily unemployed through no fault or agreement of their own. *Tzangas, Plakas & Mannos* at 697. "When an employee is at fault, he is no longer the victim of fortune's whims, but is instead directly responsible for his own predicament. Fault on the employee's part separates him from the Act's intent and the Act's protection." *Id.* at 697-98.  Accordingly, just cause under the Unemployment Compensation Act is predicated upon employee fault.  *Id.* at 698. Just cause is conduct that would lead a person of ordinary intelligence to conclude the surrounding circumstances justified the employee's discharge.  *Chambers v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 06AP-1043, 2007-Ohio-1493, ¶ 7. Just cause for discharge exists where " 'the employee, by his actions, demonstrated an unreasonable disregard for his employer's best interests.' " *Mayes v. Bd. of Review, Ohio Bur. of Emp. Servs.,* 32 Ohio App.3d 68 (10th Dist.1986), quoting *Kiikka v. Ohio Bur. of Unemp. Servs.*, 21 Ohio App.3d 168, 169 (8th Dist.1985).

{¶34}   We have examined the record and find that it includes competent, credible evidence supporting the hearing officer's conclusion that appellant was discharged for just cause.  Appellant had repeatedly been advised, in writing, that the employer expected her to act positively and non-combatively with her coworkers.  She was specifically advised that she would be terminated on the next occasion that she behaved disrespectfully or inappropriately with a peer or supervisor.  Moreover, appellant testified that she had, indeed, raised her voice during the October 26, 2012 incident.  She did not deny that the level of her voice was such that it could be heard behind the closed door of the conference room—rather, she contended only that her coworker was also speaking at a similar elevated volume. The record, thus, included competent and credible evidence that appellant's behavior was inconsistent with, and showed an unreasonable disregard for, the best interests of her employer, a professional law firm.  A person of ordinary intelligence would conclude that a law firm may justifiably expect its employees to act professionally

with each other, particularly when their conduct is within the sight or sound range of a visitor to the law office.  We therefore affirm the commission's finding of just cause.

{¶35}   In her initial notice of appeal, appellant asserted that she was terminated because her supervisors disliked her, rather than her inability to communicate appropriately with her coworkers. But appellant provided little or no evidence at the hearing of harassment, retaliation or other possible alternative motive for her discharge, and we may not reverse the commission's evaluation of the witnesses' credibility. *Sharif v. Children's Hunger Alliance, Inc.*, 10th Dist. No. 10AP-796, 2011-Ohio-2049, ¶ 6. Moreover, even where evidence exists to support the arguments of both an employer and an employee as to the cause for termination, it is our duty to determine only whether the commission's determination of just cause for termination was unlawful, unreasonable or against the manifest weight of the evidence. *Bennett v. Dept. of Job & Family Servs.*, 10th Dist. No. 11AP-1029, 2012-Ohio-2327, ¶ 19.  This is so even in cases where a determination by the commission in favor of either party could have been lawful, reasonable, and based upon sufficient weight.  *Id.*  That is, "[w]here the commission might reasonably decide either way, the courts have no authority to upset the commission's decision."  *Chambers* at ¶ 10, citing *Irvine*.

{¶36}   We have examined all of the facts of this case and find that the commission's finding that appellant was terminated for just case was neither unlawful, unreasonable or against the manifest weight of the evidence. *Accord Cottrell  v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 05AP-798, 2006-Ohio-793 (affirming commission's determination of just cause for discharge where employee had previously been warned concerning his history of confrontations with other employees). Accordingly, we overrule appellant's third assignment of error.

## III. Conclusion

{¶37}   For the foregoing reasons, we overrule appellant's three assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and O'GRADY, JJ., concur.

_____