BERNARD, APPELLEE, *v.* ADMINISTRATOR, OHIO BUREAU OF EMPLOYMENT SERVICES ET AL., APPELLANTS.

(No. 1214—Decided April 13, 1983.)

Mr. Stephen J. Brown, for appellee.
Mr. Anthony J. Celebrezze, Jr., attorney general, and Mr. Q. Albert Corsi, for appellant Administrator.
Mr. Andrew C. Meyer, for appellant Seaway Foods, Inc.

GEORGE, J. The appellants, Administrator of the Ohio Bureau of Employment Services and Seaway Foods, Inc., appeal the decision of the court of common pleas in reversing the Unemployment Compensation Board of Review's decision to deny the appellee, Steven Bernard, unemployment compensation benefits.

This case arose from the dismissal of Bernard from American Seaway Foods, Inc. Bernard applied for unemployment compensation benefits. The Administrator of the Ohio Bureau of Employment Services denied the benefits, finding that Bernard was fired for just cause. Bernard appealed that decision to the board of review. The referee affirmed the administrator's decision. Bernard's application to institute further appeal was disallowed by a three-member panel of the board.

Bernard then appealed to the court of common pleas. The court reversed the decision of the board of review, awarding Bernard unemployment benefits. The company and the administrator appeal.

## Assignment of Error 1

"The common pleas judge improperly substituted his judgment for that of trier of fact when the decision of the Board of Review was not unlawful, unreasonable or against the manifest weight of the evidence."

The court of common pleas has appellate jurisdiction over decisions made by the board of review. Since its function is appellate in nature, the court can reverse a decision of the board only when that decision is found to be unlawful, unreasonable, or against the manifest weight of the evidence. R.C. 4141.28(O).

There is no authority for the substitution of the court's judgment for that of the board of review. Therefore, the reviewing court cannot function as a fact finder and substitute its decision for that of the board. *Simon* v. *Lake Geauga Printing Co.* (1982), 69 Ohio St. 2d 41 [23

O.O.3d 57]. The duty of the reviewing court lies in a determination as to whether the decision of the board is supported by credible evidence in the record. If it is, the finding may not be disturbed. *Kilgore* v. *Bd. of Review* (1965), 2 Ohio App. 2d 69 [31 O.O.2d 108].

In the instant case, the court of common pleas stated its reasons for reversing the board's decision as follows:

"The union contract was discussed in testimony to a limited degree. Mr. Charvat stated that it called for a one-half (1/2) hour lunch period, two (2) fifteen (15) minute 'breaks', and one (1) five (5) minute 'wash-up' time.

"Bernard and one of his witnesses testified the same except for an additional five (5) minute 'wash-up' time.

"There was apparent agreement that this total time could be taken all at once at the election of the driver, and testimony revealed that Bernard took one (1) hour and five (5) minutes at his lunch break.

"The argument here boils down to the additional five (5) minutes 'wash-up' time that the employer claims was not part of the union contract. The claimant and his witness claim it was.

"In addition, there was conflict as to how long claimant was in the lunchroom after returning from his trip, parking his rig, and taking his five (5) minute 'wash-up' time. Charvat said the claimant was in the lunchroom from 8:55 P.M. to 9:10 P.M., at which time he confronted him. Claimant and his witness said he hadn't been there five (5) minutes when Mr. Charvat came in and confronted both of them."

The decision clearly indicates that the court retried the facts. For example, the court weighed the credibility of the witnesses over the issue of Bernard's unauthorized break. In its appellate jurisdiction, the court is not the judge of the credibility of the witnesses. That is a function of the trier of facts and within the province of the referee and the board of review. *Brown-Brockmeyer Co.* v.

*Roach* (1947), 148 Ohio St. 511 [36 O.O. 167].

The court, in its appellate capacity, has a limited function. It is to determine only if the finding of the administrative agency was unlawful, unreasonable or against the manifest weight of the evidence. This means that the decision must be sustained unless it is found to be unlawful, unreasonable or against the manifest weight of the evidence.

The court here recites that the reason for reversal was that the finding was unlawful, unreasonable and against the manifest weight of the evidence. However the court's reasoning, supporting the reversal, clearly rests upon the redetermination of the facts. Since this was beyond the authority of the reviewing court, it was error.

In addition to the events referred to in the court's decision, Bernard was reprimanded for other improper activity. The record shows that Bernard was previously warned for wasting time. He also received a written warning for negligently operating his tractor-trailer. Finally, the company received complaints from customers about Bernard's attitude. The unauthorized break was just one of many events in an unsatisfactory work record that led to his firing. Therefore, there was sufficient evidence to support the board's finding of just cause for Bernard's dismissal, and the finding must be affirmed.

The appellants' first assignment of error is sustained.

### Assignment of Error 2

"Appellants were denied due process of law in that the court of common pleas sent them no notice of the hearing held by the court in connection with the present case, and as a result, appellants were denied an opportunity to be present at that hearing."

The original date for argument was set for May 3, 1982. The company received notice that this hearing had been rescheduled for June 21, 1982. However, argument was heard on May 3, 1982, as originally scheduled. The company was not informed of this change by the court.

Though the company was not able to attend the argument, the court did grant the company an extension of time to file its reply brief. Thus, the company was able to present its arguments to the court.

In light of the fact that the company was able to submit its brief, no substantial rights of the company were affected. Therefore, the failure of the court to notify the company of the scheduling change constituted harmless error. Civ. R. 61.

The appellants' second assignment of error is overruled.

In view of the foregoing, the decision of the court of common pleas is reversed and the decision of the board of review, denying Bernard unemployment benefits, is reinstated.

*Judgment reversed.*

MAHONEY, P.J., and BAIRD, J., concur.