OPINION
{¶ 1} Appellant, Jeffrey D. Cottrell, appeals from a judgment of the Franklin County Court of Common Pleas that affirmed the decision of the Unemployment Compensation Review Commission ("commission") upholding the denial of appellant's application for unemployment compensation benefits. Appellant assigns a single error:
The decision of the court below affirming the decision of the [commission] was unlawful, unreasonable and against the manifest weight of the evidence.
Because the commission's conclusion that appellant was discharged for just cause is not unlawful, unreasonable, or against the manifest weight of the evidence, we affirm.
 {¶ 2} Appellant was employed by Wolfking, Inc. as a warehouse clerk from October 1997 through June 11, 1999, when he was discharged for threatening another employee, Matthew Bonnes, and for excessive tardiness. Following his discharge, appellant applied for unemployment compensation benefits.
 {¶ 3} On July 21, 1999, the Director of the then Ohio Bureau of Employment Services, now the Ohio Department of Job and Family Services, initially determined appellant was ineligible for benefits because appellant was discharged for just cause; appellant appealed to the commission. A hearing was held on August 20, 1999, and both appellant and his immediate supervisor, Larry Woodruff, testified. The hearing officer affirmed the director's initial determination, and appellant requested review by the full commission; the commission denied appellant's request.
 {¶ 4} Appellant appealed to the Knox County Court of Common Pleas. The court held that appellant was not provided a fair hearing because he was not permitted to call any witnesses other than himself. The Knox County Court of Appeals affirmed and remanded the case to the commission for another hearing. A second hearing was held on February 10, 2004 where testimony was taken from appellant, Woodruff, and the shop manager, Bonnes. On February 26, 2004, the commission issued its decision denying benefits because appellant was discharged for just cause. Appellant appealed to the Franklin County Court of Common Pleas; the court affirmed the commission. Appellant appeals, contending the evidence does not support the commission's determination.
 {¶ 5} Pursuant to R.C. 4141.29(D)(2)(a), an employee is ineligible to receive unemployment compensation benefits if he or she was discharged for "just cause." Just cause is conduct that would lead a person of ordinary intelligence to conclude the surrounding circumstances justified the employee's discharge.Cooper v. Ohio Dept. of Job and Family Servs. (Jan. 15, 2002), Scioto App. No. 01CA2783, citing Durgan v. Ohio Bur. of Emp.Serv. (1996), 110 Ohio App.3d 545. In determining an application for unemployment compensation, the commission considers whether an award of benefits will further the underlying purpose of unemployment compensation: to provide financial assistance to those who become unemployed through no fault of their own.Tzangas Plakas v. Ohio Bur. of Emp. Servs. (1995),73 Ohio St.3d 694.
 {¶ 6} The determination of whether just cause exists depends upon the factual circumstances of each case. Irvine v. Unemp.Comp. Bd. of Rev. Comm. (1985), 19 Ohio St.3d 15. Purely factual determinations are primarily within the province of the hearing officer and commission. Id. The claimant has the burden of proving his or her entitlement to unemployment compensation benefits under the law. Id.
 {¶ 7} Upon appeal to the court of common pleas, "[t]he court shall hear the appeal on the certified record provided by the commission. If the court finds that the decision of the commission was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse, vacate, or modify the decision, or remand the matter to the commission. Otherwise, the court shall affirm the decision of the commission." R.C.4141.282(H). A reviewing court applies the same standard of review as the common pleas court. Tzangas, supra.
 {¶ 8} The court's scope of review thus is limited. A court may not make factual determinations or substitute its judgment for that of the commission. Irvine, supra. Where the commission might reasonably decide either way, the courts have no authority to upset the commission's decision. Id. While appellate courts are not permitted to make factual findings or determine the credibility of witnesses, they have the duty to determine whether the record contains evidence to support the commission's decision. Tzangas, supra.
 {¶ 9} Appellant was terminated after a June 10, 1999 incident between himself and another employee, Bonnes. According to Bonnes and Woodruff, appellant's supervisor, appellant approached Bonnes at work regarding a situation with appellant's wife and other male co-workers. Bonnes told appellant he did not know anything because he was not close with the individuals appellant mentioned. According to Bonnes, appellant then threatened him, stating "that he could really fuck up my life if I didn't tell him what he wanted to know." (Tr. Vol. II, 13.) Feeling physically threatened by appellant, Bonnes told appellant the conversation was over and reported the incident to Woodruff.
 {¶ 10} In his testimony, appellant admitted approaching Bonnes but claimed he initiated the conversation because he wanted to know if Bonnes ever threatened to kick appellant's "ass." (Tr. Vol. I, 50.) The conversation then turned to the topic of appellant's wife. Appellant testified he did not intend to threaten Bonnes, but admitted stating to Bonnes, "I don't want anything to mess you and your family's life up." Appellant argues that Bonnes simply misinterpreted appellant's statements to him.
 {¶ 11} In addition to the Bonnes incident, Woodruff testified that appellant had two prior heated confrontations with another employee, Morton Parmo. Appellant was given a warning for the confrontations with Parmo in February 1999 and May 1999. Based on appellant's prior history and the incident between appellant and Bonnes, the company decided to discharge appellant. In addition, Woodruff testified, and records demonstrated that appellant was excessively tardy.
 {¶ 12} Because the commission could properly believe Woodruff's and Bonnes' testimony, in whole or in part, and could properly disbelieve appellant, the evidence supports the commission's determination that appellant was discharged for just cause. The commission's decision thus is not unreasonable, unlawful, or against the manifest weight of the evidence.
 {¶ 13} Appellant has a history of confrontations with employees. Most recently, appellant directly threatened physical harm to Bonnes if Bonnes did not tell appellant what appellant wanted to know about his wife and other male co-workers. An employee's act or threat of physical harm to another employee may constitute just cause for discharge. Opara v. Carnegie TextileCo. (1985), 26 Ohio App.3d 103. The commission's application of the rule is particularly fitting here because appellant was warned about his inappropriate, aggressive behavior on prior occasions, to no apparent avail. See Opara; Cooper, supra;Lombardo v. Ohio Bur. of Emp. Servs. (1997),119 Ohio App.3d 217 (concluding employees were discharged with just cause where the employees used profanity toward another employee that disrupted the work environment or was likely to provoke a violent response).
 {¶ 14} Appellant argues Bonnes' testimony should not be believed over appellant's testimony because Bonnes did not testify until 2004, nearly five years after the incident. Appellant also maintains that Woodruff's testimony should be disregarded because Woodruff relied on both excessive tardiness and the confrontation with Bonnes as reasons for discharge in the first hearing, but mainly relied on the confrontation with Bonnes in the second hearing. Appellant contends Woodruff's "inconsistencies" at the two hearings render Woodruff's testimony incredible.
 {¶ 15} Where conflicting testimony exists, the commission, not the court, resolves the conflicts and determines the credibility of the witnesses. The commission thus could weigh Bonnes' testimony, considering the lapse of time from the events giving rise to appellant's discharge and the second hearing before the commission. Further, even if Woodruff focused on the June 10, 1999 incident as the basis for appellant's discharge, the record and hearing testimony corroborate that appellant's threatening confrontation with his co-worker Bonnes most immediately prompted appellant's discharge. In light of appellant's prior warnings, we cannot say the commission's determination is unreasonable, unlawful, or against the manifest weight of the evidence, as the Bonnes incident is sufficient to constitute just cause for discharge. Accordingly, appellant's assignment of error is overruled.
 {¶ 16} Having overruled appellant's single assignment of error, we affirm the judgment of the trial court.
Judgment affirmed.
Petree and French, JJ., concur.