OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Plaintiff-Appellant, Helen Bulatko, appeals the decision of the Mahoning County Court of Common Pleas that affirmed the Unemployment Compensation Review Commission's decision denying her unemployment compensation benefits and ordering that she repay benefits already received. On appeal, Bulatko argues that the Review Commission's decision is unlawful, unreasonable, or against the manifest weight of the evidence for two reasons: 1) because it violated her right to procedural due process and 2) the decision is not supported by the evidence. However, each of these arguments is meritless. Accordingly, the trial court's decision is affirmed.
 Facts {¶ 2} On April 26, 2005, Bulatko was hired by Hopewell Market, Inc., as a deli clerk in one of Hopewell's grocery stores. Under the contract between Hopewell and the union containing its employees, Bulatko had to complete a sixty-day probationary period. During this period, Hopewell received numerous complaints from its customers which stated that Bulatko had been rude to them. Because of these complaints, Bulatko was terminated by Hopewell on June 7, 2005.
 {¶ 3} Bulatko filed an application for unemployment benefits which was initially granted. Hopewell timely appealed that decision and the Director affirmed the initial determination. Hopewell then appealed the redetermination and the issues were put before a hearing officer on October 3, 2006. After considering the evidence, the hearing officer reversed the redetermination and concluded that Bulatko had been terminated for just cause. Bulatko appealed this decision to the Review Commmission, which affirmed that decision.
 {¶ 4} On December 5, 2006, Bulatko timely appealed the Review Commission's decision to the Mahoning County Court of Common Pleas, which affirmed that decision on June 22, 2007.
 {¶ 5} Bulatko's sole assignment of error on appeal argues:
 {¶ 6} "The judgment entry of the common pleas court which affirmed the Review Commission decision must be reversed or vacated pursuant to R.C.4141.282(H), *Page 2 
because it is unlawful, unreasonable and against the manifest weight of the evidence."
 {¶ 7} In this assignment of error, Bulatko presents us with two distinct issues. First, she contends that the hearing officer denied her right to due process in numerous ways by denying her the rights conferred upon her by statute and administrative regulation. Second, she argues that the hearing officer's factual conclusions are erroneous. We will address each of these arguments individually.
 Due Process {¶ 8} Bulatko contends that the hearing officer did not give her any assistance in the proceedings and, in fact, prevented her from cross-examining her opponent. Furthermore, she contends that she was prejudiced at the trial court level when the trial court decided the case before letting the magistrate to which it was assigned decide the case.
 {¶ 9} The statutes and rules governing the procedure employed in reviewing an unemployment compensation claim are constitutional because they give an opportunity for a fair hearing before an impartial tribunal. Henize v. Giles (1986), 22 Ohio St.3d 213, 215. In order to successfully appeal a judgment on a procedural due process grounds, Bulatko must show that she has been prejudiced by the allegedly inadequate process unless the procedure employed involves such a probability that prejudice will result that it is deemed inherently lacking in due process. Estes v. Texas (1965), 381 U.S. 532, 542-543; see also Smith v. Five Rivers MetroParks (1999), 134 Ohio App.3d 754,764 (Party could not get relief on procedural due process grounds because he could not point to any facts showing that he was unduly prejudiced by procedures employed.).
 {¶ 10} Hearing officers in an unemployment compensation hearing "shall control the conduct of the hearing, exclude irrelevant or cumulative evidence, and give weight to the kind of evidence on which reasonably prudent persons are accustomed to rely in the conduct of serious affairs." R.C. 4141.281(C)(2). They also "have an affirmative duty to question parties and witnesses in order to ascertain the relevant facts and to fully and fairly develop the record." Id. A hearing officer must "advise each party as to rights, aid in examining and cross-examining witnesses, and give every assistance compatible with *Page 3 
the discharge of the official duties of the review commission or hearing officer." Ohio Adm. Code 4146-7-02(D).
 {¶ 11} The hearing provided for by R.C. 4141.281 is highly informal.Fredon Corp. v. Zelenak (1997), 124 Ohio App.3d 103, 111. For example, "[h]earing officers are not bound by common law or statutory rules of evidence or by technical or formal rules of procedure." R.C.4141.281(C)(2). The hearing officer has broad discretion in accepting and rejecting evidence and in conducting the hearing in general.Owens v. Admr., Ohio Bur. of Emp. Svcs. (1999), 135 Ohio App.3d 217,220; Nordonia Hills City School Dist. Bd. of Edn. v. Unemployment Comp.Bd. of Rev. (1983), 11 Ohio App.3d 189, 190. The object of the hearing is to ascertain the facts that may or may not entitle the claimant to unemployment benefits. Owens at 220, citing Simon v. Lake GeaugaPrinting Co. (1982), 69 Ohio St.2d 41, 43; Nordonia Hills at 190. The hearing officer's discretion is tempered only to the extent that he must afford each party an opportunity to present evidence that provides insight into the very subject of the dispute. Owens at 220. However, a hearing officer's failure to allow a party to present witnesses or otherwise develop their case is grounds for reversing the decision of the review commission. Id. at 220-221.
 {¶ 12} Caselaw provides some guidance for determining whether the procedures used at a hearing were fair. For example, a hearing officer may properly prevent the parties from calling witnesses, as long as the hearing officer allows the parties to proffer what those witnesses would have said. See Powell v. Brown Pub. Co., Inc., 3d Dist. No. 10-03-03, 2003-Ohio-2566 (No due process violation if party proffers); Gregg v.SBC Ameritech, 10th Dist. No. 03AP-429, 2004-Ohio-1061 (No due process violation if party given opportunity to proffer, but does not do so);Cottrell v. Administrator (Jan. 18, 2001), 5th Dist. No. 00CA06 (Violation of due process because the party was not allowed to proffer). A hearing officer may also prevent claimants from cross-examining each other when their testimony does not contradict each other. Cooper v.Ohio Dept. of Job Family Services, 4th Dist. No. 01CA2783, 2002-Ohio-0416. A hearing officer may instruct parties on how to present their evidence, such as focusing them on how to cross-examine *Page 4 
an adverse witness. Hord v. Ohio Dept. of Job Family Services, 7th Dist. No. 05 JE 48, 2006-Ohio-4382. The key factor in deciding whether the hearing satisfied procedural due process is whether the claimant had the opportunity to present the facts which demonstrate that she was entitled to unemployment benefits.
 {¶ 13} In this case, the hearing officer provided Bulatko with such an opportunity. The hearing officer allowed Ken Hoffer, Bulatko's manager, to testify first. The hearing officer controlled Hoffer's examination by asking him many questions about the specific justification Hoffer offered for discharging Bulatko. The hearing officer then allowed Bulatko to cross-examine Hoffer and the following exchange took place:
 {¶ 14} "Q: First of all, you stated that I was verbally warned.
 {¶ 15} "Hearing Officer: Okay, what's your question?
 {¶ 16} "Q: When was that? And (inaudible).
 {¶ 17} "A No, I did.
 {¶ 18} "Q: You never-
 {¶ 19} "Hearing Officer: Whoa, whoa, Ms. Bulatko, now you may not like his answers, but you're not going to argue with him or I'm going to close the hearing.
 {¶ 20} "Ms. Bulatko: Oh, okay.
 {¶ 21} "Hearing Officer: You let him answer your question. And then you go on to your next question.
 {¶ 22} "Ms. Bulatko: Okay.
 {¶ 23} "Hearing Officer: Okay. Do you have any other questions you want to ask him?
 {¶ 24} Ms. Bulatko: No, but you know what, he never came into the
department. I waited on the manager (inaudible)."
 {¶ 25} The hearing officer then proceeded to examine Bulatko. During that examination, Bulatko asked if she could ask Hoffer any more questions. The hearing officer told her that she could not and that it was her turn to tell her version of events.
 {¶ 26} Bulatko claims that the hearing officer denied her the right to cross-examine Hoffman. However, the transcript plainly shows that Bulatko told the hearing officer that *Page 5 
she had no more questions for Hoffman. Thus, this argument is meritless.
 {¶ 27} Bulatko also contends that the hearing officer should have done more to assist her in her presentation of the case. However, Bulatko appears to be confusing the hearing officer's duty to assist her with improper advocacy. The hearing officer in this case did actually offer Bulatko some assistance. For instance, he explained to Bulatko the procedure for cross-examining a witness. However, "a hearing officer has no duty to present or establish either party's case." Fredon Corp. v.Zelenak (1997), 124 Ohio App.3d 103, 111. This takes the hearing officer outside his necessarily impartial role.
 {¶ 28} Bulatko argues that it was the hearing officer's responsibility to ensure that the parties actually made the legal and factual arguments they needed to make in order to adequately prove their cases. However, the caselaw shows that the hearing officer has no such duty. Accordingly, Bulatko's arguments in this regard are meritless.
 {¶ 29} Finally, it should be noted that Bulatko contends that the trial court committed error by assigning this case to a magistrate, but ruling on it before the magistrate could issue a decision. The record contains no indication that the case was ever assigned to a magistrate. An assignment order is not in the file and each order is signed by the trial court. Accordingly, there is no factual basis for this argument.
 {¶ 30} In conclusion, all of Bulatko's due process arguments are meritless.
 Just Cause Determination {¶ 31} The second issue Bulatko raises within her assignment of error is that the manifest weight of the evidence does not support the Review Commission's decision. A claimant bears the burden of proving her entitlement to unemployment compensation benefits. Kosky v. Am. Gen.Corp., 7th Dist. No. 03-BE-31, 2004-Ohio-1541, at ¶ 9. The administrative agency and the court have a duty to construe the Unemployment Compensation Act liberally for the claimant's benefit; however, neither the agency nor the court has a duty to construe the facts more favorably to either party. Shephard v. Ohio Dept. of Job Family Servs., 166 Ohio App.3d 747, 2006-Ohio-2313, at ¶ 21.
 {¶ 32} R.C. 4141.29(D)(2)(a) prohibits the payment of unemployment compensation if the employee "has been discharged for just cause in connection with his *Page 6 
work." "`[J]ust cause, in the statutory sense, is that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act.'" Tzangas, Plakas Mannos v. Ohio Bur. of Emp.Serv., 73 Ohio St.3d 694, 697, 1995-Ohio-0206, quoting Irvine v. Unemp.Comp. Bd. of Review (1985), 19 Ohio St.3d 15, 17. Just cause, under the Unemployment Compensation Act, is not the same as just cause in other contexts; it is predicated upon employee fault. Id. at 698. Just cause determinations must be consistent with the legislative purpose of enabling unfortunate employees, who become and remain involuntarily unemployed by adverse business and industrial conditions, to subsist on a reasonably decent level. Id. at 697. Accordingly, the employer's motivation or the correctness of the decision to discharge is irrelevant. Durgan v. Ohio Bur. of Emp. Serv. (1996),110 Ohio App.3d 545, 549.
 {¶ 33} An unsatisfied claimant may appeal the commission's decision to the trial court. R.C. 4141.282(A). The trial court shall reverse, vacate, modify, or remand the commission's decision if it finds that the decision was unlawful, unreasonable, or against the manifest weight of the evidence. R.C. 4141.282(H). If the court does not find that the decision was unlawful, unreasonable, or against the manifest weight of the evidence, then the court shall affirm the decision. Id.
 {¶ 34} A party unsatisfied with the trial court's decision may appeal to the court of appeals. The appellate court, like the trial court, is limited to reviewing whether the decision is supported by evidence in the record. Tzangas, Plakas Mannos v. Ohio Bur. of Emp. Serv.,73 Ohio St.3d 694, 696, 1995-Ohio-0206, citing Irvine v. Unemp. Comp. Bd. ofReview (1985), 19 Ohio St.3d 15, 18. This court can only reverse a "just cause" determination by the commission if it is unlawful, unreasonable, or against the manifest weight of the evidence. Id. at paragraph one of the syllabus.
 {¶ 35} Bulatko contends that the Review Commission's decision is against the manifest weight of the evidence because it concluded that she could be terminated with just cause because she was a new employee who was working within a probationary period. However, this argument ignores the fact that the commission concluded that Bulatko was terminated for just cause because she "was rude to numerous customers, *Page 7 
resulting in complaints to the employer," a conclusion which is clearly supported by the evidence. Other courts have held that rudeness to either fellow employees or customers can contribute to a just cause determination. See Bernard v. Administrator, Ohio Bureau of EmploymentServices (1983), 9 Ohio App.3d 277, 279; Jenkins v. State, UnemploymentCompensation Review Com'n (Nov. 13, 2000), 4th Dist. No. 00CA11.
 {¶ 36} Bulatko's rudeness to numerous customers was clearly her own fault. "When an employee is at fault, he is no longer the victim of fortune's whims, but is instead directly responsible for his own predicament. Fault on the employee's part separates him from the Act's intent and the Act's protection." Tzangas at 697-698. The fact that Bulatko was employed for a probationary period does not affect her fault for causing the customer complaints. Bulatko's argument that the Review Commission's decision is against the manifest weight of the evidence is meritless.
 Conclusion {¶ 37} Bulatko argues that the Review Commission's decision is unlawful, unreasonable, or against the manifest weight of the evidence for two reasons: 1) because it violated her right to procedural due process and 2) the decision is not supported by the evidence. Both of these arguments are meritless. Accordingly, the judgment of the trial court is affirmed.
Donofrio, J., concurs.
 Waite, J., concurs. *Page 1