OPINION
{¶ 1} Appellant, Xavier Atkins ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas, in which that court affirmed the order of the Unemployment Compensation Review Commission ("commission") denying appellant's application for unemployment compensation, after appellee (Helen Jones-Kelley), *Page 2 
Director, Ohio Department of Job Family Services ("appellee"), denied appellant's application on the basis that she quit her employment without just cause.
 {¶ 2} The record reveals that appellant was employed at a child care center called Mother's Helper from December 19, 2005 until she resigned her position on May 12, 2006. On July 3, 2006, appellant filed an application for unemployment compensation benefits with the Ohio Department of Job Family Services ("ODJFS"). On July 21, 2006, ODJFS issued an order disallowing the application on the ground that appellant quit her job without just cause. On August 15, 2006, appellee affirmed the July 21, 2006 order disallowing appellant's application. Appellant appealed, and on November 17, 2006, the commission mailed a notice that appellee had transferred the case to the commission's jurisdiction and that the matter was set for hearing on December 6, 2006.
 {¶ 3} On November 22, 2006, at appellant's request, the commission issued subpoenas to witnesses Rebecca S. Logan-Johnson ("Logan-Johnson") and Sheila James. Logan-Johnson is an investigator with the Ohio Department of Commerce, Division of Labor Worker Safety, Bureau of Wage Hour. Appellant identified Sheila James as a "consultant."
 {¶ 4} On December 6, 2006, and March 9, 2007, a hearing officer conducted the scheduled hearing on appellant's application. On the first day, the hearing officer explained that the issue at the hearing was whether appellant quit her job with or without just cause. The December 6, 2006 transcript reveals that Logan-Johnson could not be present that day due to a death in her family. Appellant told the hearing officer that Sheila James would not be present, but that appellant wished to proceed without her. The hearing officer noted that the file contained a letter dated August 7, 2006, from Logan-Johnson *Page 3 
to "whom it may concern," in which Logan-Johnson states that she conducted an investigation into whether Mother's Helper had failed to pay certain wages that appellant had earned, and that the investigation was successfully concluded when Mother's Helper tendered the wages that were due. The hearing officer asked appellant whether she intended to present any testimony from Logan-Johnson regarding any facts beyond those detailed in the letter. Appellant said no, whereupon the hearing officer stated that Logan-Johnson's testimony would be cumulative because the letter was already part of the record. Appellant made no objection to this decision.
 {¶ 5} At the conclusion of that day's hearing, the hearing officer stated, "I won't resubpoena the other two people as I indicated before . . . you indicated before, you didn't want to present Ms. James. And I already had the information from Ms. Rebecca Logan-Johnson. Any questions or comments about that?" Appellant replied, "I don't believe so at this time." (Dec. 6, 2006 Tr. at 34-35.) The hearing was scheduled to continue on March 9, 2007.
 {¶ 6} On February 27, 2007, appellant submitted a request that the commission issue new subpoenas to Logan-Johnson, Florence Atkins ("Atkins"), who is appellant's mother, and Michelle Ludaway. On March 2, 2007, the commission issued a subpoena to Logan-Johnson. At the beginning of the hearing on March 9, 2007, appellant indicated that she intended to present the testimony of Logan-Johnson and Atkins, who were both present. (Michelle Ludaway was not present.)
 {¶ 7} The hearing officer asked Logan-Johnson and Atkins to wait outside the hearing room and told them, "we may or may not get to you today, depending on how far we go." (Mar. 9, 2007 Tr. at 3.) Following the taking of appellant's testimony, the hearing *Page 4 
officer asked whether appellant intended to call Logan-Johnson to discuss anything other than the wage investigation. Appellant replied that she intended to have Logan-Johnson testify as to the witness' interaction with Mother's Helper representative Willie Keaton during the investigation. Appellant stated that she wanted Logan-Johnson to explain how "hostile," "unsupportive," and "uncompassionate"[1] Mr. Keaton is. The hearing officer determined that such testimony was not relevant to the issue whether appellant quit her employment without just cause.
 {¶ 8} The hearing officer then inquired as to the purpose of Atkins' testimony. Appellant said that she intended for her mother to testify about "her [mother's] overview of the center as a whole. Her interaction with some of the staff members when she came to visit. Her dialogue with some of the staff members. And just what she observed as a whole." Id. at 40. The hearing officer inquired whether Atkins had worked at Mother's Helper, and appellant stated that she had not. The hearing officer ruled that Atkins' testimony would not be relevant to appellant's case. Appellant made no objection to this ruling.
 {¶ 9} On March 13, 2007, the hearing officer mailed her decision, including findings of fact, in which she concluded that appellant quit her job with just cause, and the application for benefits should be allowed. Mother's Helper requested that the commission review the hearing officer's decision. The commission reviewed the file and, by decision mailed July 12, 2007, determined that appellant quit her job without just cause. Among its factual findings, the commission found that appellant had not been abused by her supervisors, she had quit her job despite the fact that continuing work was *Page 5 
available to her, and she did not act reasonably in quitting her employment. On that basis, the commission reversed the hearing officer's decision, disallowed appellant's application, and declared an overpayment of benefits.
 {¶ 10} Appellant appealed to the court of common pleas. Following briefing by both parties, the trial court affirmed the commission's decision on January 23, 2008, having determined that the commission's decision was not unlawful, unreasonable or against the manifest weight of the evidence. Appellant appealed and advances one assignment of error for our review, stated as follows:
 The hearing officer agreed with ODJFS in allowing Plaintiff's unemployment benefits and ordered that the funds be released. Several months later after awarding benefits to the Plaintiff, the hearing officer then disallowed the award of benefits and ordered that they be repaid.
 The hearing officer denied Plaintiff's right to have a character witness speak on her Plaintiff's behalf in the initial hearing. The Plaintiff was denied the right to Due Process. This is in direct violation of the Plaintiff's 4th Amendment.
 The hearing officer did not provide an opportunity to the Plaintiff to give testimony in response to the employer's appeal in which she based her decision on.
 {¶ 11} Appellant's assignment of error does not identify any particular error made by the trial court. However, because the scope of our review is identical to that of the trial court, we will interpret her assignment of error as arguing that the trial court erred in failing to find that the commission's determination was unlawful because it deprived appellant of her right to due process of law.
 {¶ 12} "In determining an application for unemployment compensation, the commission considers whether an award of benefits will further the underlying purpose of *Page 6 
unemployment compensation: to provide financial assistance to those who become unemployed through no fault of their own." Cottrell v. Dir., OhioDept. of Job Family Servs., Franklin App. No. 05AP-798, 2006-Ohio-793, ¶ 5, citing Tzangas, Plakas Mannos v. Ohio Bur. of Emp. Servs.,73 Ohio St.3d 694, 1995-Ohio-206, 653 N.E.2d 1207. "Under R.C. 4141.29, a party is entitled to unemployment compensation benefits if he or she quits with just cause or is discharged without just cause." Moore v.Comparison Mkt., Inc., Summit App. No. 23255, 2006-Ohio-6382, ¶ 10. "The determination of whether just cause exists depends upon the factual circumstances of each case. Purely factual determinations are primarily within the province of the hearing officer and commission."Cottrell, supra, at ¶ 6, citing Irvine v. Unemp. Comp. Bd. of Rev.
(1985), 19 Ohio St.3d 15, 17, 19 OBR 12, 482 N.E.2d 587.
 {¶ 13} Upon appeal to the court of common pleas, "[t]he court shall hear the appeal on the certified record provided by the commission. If the court finds that the decision of the commission was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse, vacate, or modify the decision, or remand the matter to the commission. Otherwise, the court shall affirm the decision of the commission." R.C. 4141.282(H). In other words, the court's scope of review is limited. A court may not make factual determinations or substitute its judgment for that of the commission. Irvine, supra. Where the commission might reasonably decide either way, the court has no authority to upset the commission's decision. Id. While courts are not permitted to make factual findings or determine the credibility of witnesses, they have the duty to determine whether the record contains evidence to support the commission's decision. Tzangas, *Page 7 
supra. A reviewing court applies the same standard of review as the court of common pleas. Id.
 {¶ 14} Here, by her single assignment of error, appellant argues that the commission denied her right to due process, guaranteed by theFourteenth Amendment to the United States Constitution. Her brief is largely devoted to recitation of her factual allegations regarding her former job. Her argument pertaining to her assigned error is found on page 13 of her brief, where she states that "[t]wo Hearings were held with the hearing officer * * * Neither time was Ms. Atkins's witness allowed to speak on her behalf." (Brief of Appellant, 13.)
 {¶ 15} "[F]ederal law mandates that state unemployment programs provide an [opportunity for a fair hearing, before an impartial tribunal * * *. This statute has been interpreted to impose requirements which are the same as constitutional procedural due process requirements. Hence, any judicial analysis of the state's hearing procedures in this case must be conducted with a fundamental recognition that under theFourteenth Amendment the cornerstone of due process, in the procedural sense, is the opportunity for a fair hearing." (Citations omitted.)Henize v. Ohio Bur. of Emp. Servs. (1986), 22 Ohio St.3d 213, 215,22 OBR 364, 490 N.E.2d 585.
 {¶ 16} "The principles of due process in administrative hearings shall be applied to all hearings conducted under the authority of the commission." R.C. 4141.281(C)(2). That subparagraph goes on to provide, "[i]n conducting hearings, all hearing officers shall control the conduct of the hearing, exclude irrelevant or cumulative evidence, and give weight to the kind of evidence on which reasonably prudent persons are accustomed to rely in the conduct of serious affairs." Thus, it has been held that "[t]he hearing officer has *Page 8 
broad discretion in accepting and rejecting evidence and in conducting the hearing in general." Bulatko v. Dir., Ohio Dept. of Job FamilyServs., Mahoning App. No. 07 MA 124, 2008-Ohio-1061, ¶ 1 1.
 {¶ 17} "The hearing officer's discretion is tempered only to the extent that he must afford each party an opportunity to present evidence that provides insight into the very subject of the dispute." Id., citingOwens v. Admr., Ohio Bur. of Emp. Servs. (1999), 135 Ohio App.3d 217,220, 733 N.E.2d 628. "The key factor in deciding whether the hearing satisfied procedural due process is whether the claimant had the opportunity to present the facts which demonstrate that she was entitled to unemployment benefits." Id. at 12. See, also, Gregg v. SBCAmeritech, Franklin App. No. 03AP-429, 2004-Ohio-1061. This is because "[t]he object of the hearing is to ascertain the facts that may or may not entitle the claimant to unemployment benefits." Bulatko, at ¶ 11;Owens, at 220; Simon v. Lake Geauga Printing Co. (1982),69 Ohio St.2d 41, 43, 23 O.O.3d 57, 430 N.E.2d 468.
 {¶ 18} In the present case, appellant argues that the commission deprived her of due process of law by unlawfully preventing her from presenting the testimony of certain witnesses. However, review of the record reveals that appellant never argued in the trial court that the commission deprived her of due process. She presented no argument regarding the exclusion of any of her witnesses, instead focusing solely on her version of the facts surrounding her employment and her departure therefrom, and arguing that she did indeed have just cause to resign her position.
 {¶ 19} As such, we need not consider her constitutional argument made for the first time here. "A fundamental rule of appellate review is that an appellate court will not consider any error that could have been, but was not, brought to the trial court's *Page 9 
attention." Little Forest Med. Ctr. v. Ohio Civ. Rights Comm. (1993),91 Ohio App.3d 76, 80, 631 N.E.2d 1068, citing Schade v. Carnegie BodyCo. (1982), 70 Ohio St.2d 207, 210, 24 O.O.3d 316, 436 N.E.2d 1001. This is true even for constitutional arguments. "A party waives the right to appeal [an] issue that was in existence prior to or at time of trial if that party did not raise [the] issue at the appropriate time in [the] court below. As a result, constitutional rights may be lost as finally as any others by a failure to assert them at the proper time." (Citations omitted.) Kimberly Entertainment Corp. v. Liquor ControlComm. (Nov. 26, 1996), Franklin App. No. 96APE05-581, 1996 Ohio App. LEXIS 5313, at *5.
 {¶ 20} We are mindful that appellant acted pro se in the proceedings below. Nevertheless, a pro se litigant "`is held to the same rules, procedures and standards as those litigants represented by counsel and must accept the results of her own mistakes and errors.'" Dailey v. R J Commercial Contracting, Franklin App. No. 01AP-1464, 2002-Ohio-4724, ¶ 17, quoting Dornbirer v. Paul (Aug. 19, 1997), Franklin App. No. 96APE11-1560, discretionary appeal not allowed, 80 Ohio St.3d 1476,687 N.E.2d 472.
 {¶ 21} In any case, we discern no due process violation in the record. Other than herself, appellant, at one time or another, intended to present the testimony of four individuals: (1) Logan-Johnson; (2) Sheila James; (3) Atkins; and (4) Michelle Ludaway.
 {¶ 22} On the two occasions when the hearing officer informed her that Logan-Johnson's testimony would be excluded because it was cumulative of information that was already in the record, appellant failed to object. During the second day of the hearing, she objected to the hearing officer's exclusion of Logan-Johnson's testimony on relevancy grounds. But the hearing officer correctly concluded that Logan-Johnson's *Page 10 
testimony about what a "hostile," "unsupportive," and "uncompassionate"[2] person Mr. Keaton is, has no relevance to the issue of whether appellant quit her employment with just cause. Her allegations about the intolerable nature of her working conditions involved many fellow staff members and her supervisors, and did not center on Keaton.
 {¶ 23} With respect to Sheila James, this witness failed to appear on the first day of the hearing, and appellant told the hearing officer that she wished to proceed without her testimony. With respect to Atkins' testimony, in light of the fact that Atkins never worked at Mother's Helper, and was proffered to testify as to her general observations while visiting the center and not to corroborate specific claims of abusive treatment, the hearing officer correctly concluded that Atkins' testimony was irrelevant to the issue whether appellant's decision to quit her job was justified.
 {¶ 24} Finally, Michelle Ludaway never appeared at the hearing, and the hearing officer never excluded her testimony. In any case, "[a] reviewing court cannot rule upon the exclusion of evidence by the trial court unless the rejected evidence has been made a part of the transcript of proceedings or record." Gregg, supra, ¶ 20. Because appellant never proffered the substance of Michelle Ludaway's testimony, even if she had sought to introduce it, we would be unable to determine whether that testimony was properly excluded. *Page 11 
 {¶ 25} For all of the foregoing reasons, we overrule appellant's single assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
PETREE and T. BRYANT, JJ., concur.
T. BRYANT, J., retired of the Third Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] Mar. 9, 2007 Tr. at 40.
[2] See ¶ 7, supra. *Page 1