[Cite as *de la Calle v. Meijer Group, Inc.*, 2014-Ohio-1070.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Mariela de la Calle, | : | |
| Appellant-Appellant, | : | |
| | | No. 13AP-710 |
| v. | : | (C.P.C. No. 13CVF-4904) |
| Meijer Group, Inc. & | : | (REGULAR CALENDAR) |
| Ohio Dept. of [Job and] Family Services, | | |
| | : | |
| Appellees-Appellees. | | |
| | : | |

D E C I S I O N

Rendered on March 20, 2014

*Mariela de la Calle*, pro se.

*Michael DeWine*, Attorney General, and *Patria V. Hoskins*, for appellee Ohio Department of Job and Family Services.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Appellant, Mariela de la Calle ("appellant"), appeals pro se from a judgment of the Franklin County Court of Common Pleas affirming the decision of the Ohio Unemployment Compensation Review Commission ("the Commission") disallowing her request for review of a hearing officer's decision. Because we conclude that competent, credible evidence supported the hearing officer's determination that appellant was terminated for just cause, we affirm.

{¶ 2} Appellant was employed by Meijer Group, Inc. ("Meijer") from February 7, 1996, to December 22, 2012. At the time of her termination, she was employed as a specialty clerk. On December 22, 2012, appellant was terminated due to accumulation of excessive work performance violations. Following her termination, appellant applied to

appellee, Ohio Department of Job and Family Services ("ODJFS"), for unemployment benefits. ODJFS initially allowed appellant's application for unemployment benefits. ODJFS subsequently modified its initial determination, concluding that Meijer discharged appellant for just cause and that appellant was not entitled to unemployment benefits. Appellant was ordered to repay benefits she received following the initial allowance of her claim.

{¶ 3} Appellant appealed ODJFS's redetermination of her eligibility for unemployment benefits, and the appeal was transferred to the Commission. A hearing officer conducted a hearing on the matter on April 15, 2013. In a decision mailed on April 17, 2013, the hearing officer affirmed ODJFS's determination that appellant was discharged from employment for just cause and that appellant was required to repay benefits that she received in the amount of $1,491. Appellant requested a review of the hearing officer's decision by the Commission, but the Commission disallowed the request for review.

{¶ 4} Appellant appealed the Commission's decision disallowing her request for review to the Franklin County Court of Common Pleas. The lower court concluded that the record included evidence demonstrating that appellant was unsuited for her position based on an inability to perform as required and that this constituted fault sufficient to support a just-cause termination. Therefore, the common pleas court affirmed the hearing officer's decision.

{¶ 5} Appellant appeals from the common pleas court's judgment, assigning three errors for this court's review:[1]

> FIRST ASSIGNMENT OF ERROR
>
> The first error that the office of Judge Cain incurred was to ignore that at the time I was employed at Meijer, I was a member of the Union of Food and Commercial Workers Local 1059, for that reason all the faults that Meijer Inc. created to

---

[1] Appellant, acting pro se in this appeal, moved this court for appointment of a Spanish-language interpreter for purposes of oral argument. Pursuant to Sup.R. 88(D)(1), this court appointed Charles Goodburn, a Spanish-language interpreter certified by the Supreme Court of Ohio. The court administered an oath to Mr. Goodburn, as required under Sup.R. 88(I), and he provided consecutive English-language interpretation of appellant's oral argument and responses to the court's questions, as well as consecutive Spanish-language interpretation for appellant of the court's questions and appellee's oral argument and responses to the court's questions.

terminate my job at Meijer should comply with the Just Cause Test Portrait by the President of the Union of Food and Commercial workers Local 1059 in the Edition of January-February 2013 and with "The Seven Reasons for Just Cause Discipline" portrait by the same author Randy Quickel when he was Service Director of the Union Local 1059. Those documents are in the Director's File of Ohio Jobs and Family Services and were provide for me again in my Administrative Appeal to the office of Judge Cain, any of the faults that Meijer created to terminate my job in Meijer comply with the Just Cause Test.

SECOND ASSIGNMENT OF ERROR

The second error that the office of Judge incurred was to affirm that my unemployment compensation was denied in the first place, the fact is that it was approved from January 26 2013 to March 9 2013 when Meijer appealed the decision of Ohio Jobs and Family Services to provide me with unemployment compensation as a result of this appeal my unemployment compensation was denied, in March 18 2013 and the office of Ohio Jobs and Family Services is claiming restitution of $1491 in overpaid benefits.[2]

THIRD ASSIGNMENT OF ERROR

The third error that the office of Judge Cain incurred is to affirm that my job in Meijer terminated because I was unsuitable to do the job, the reality is that Meijer fabricate the faults to finish my job at Meijer as a consequence of two accidents at work suffer for another employee and the subsequent involvement of OSHA in the situation.

(Sic. Passim.)

{¶ 6} Appellant's three assignments of error are interrelated, each ultimately objecting to the determination that she was terminated for just cause. Therefore, we will address all three assignments of error together.

---

[2] Both appellee's brief and the judgment of the common pleas court indicate that appellant's initial claim for unemployment benefits was disallowed. However, as indicated in our discussion of the facts and in the hearing officer's decision, ODJFS initially allowed appellant's claim before issuing a redetermination decision that modified the initial determination and concluded that she was not entitled to unemployment benefits.

{¶ 7} A reviewing court may reverse a just-cause determination by the Commission only if it is unlawful, unreasonable or against the manifest weight of the evidence. R.C. 4141.282(H); *Tzangas, Plackas & Mannos v. Bur. of Emp. Servs.*, 73 Ohio St.3d 694 (1995), paragraph one of the syllabus. The reviewing court may not make factual findings or determine a witness's credibility. *Williams v. Dept. of Job & Family Servs.*, 129 Ohio St.3d 332, 2011-Ohio-2897, ¶ 20. The court "must affirm the commission's finding if some competent, credible evidence in the record supports it." *Id.*

{¶ 8} In relevant part, Ohio law provides that an individual is not entitled to unemployment benefits if he or she "has been discharged for just cause in connection with the individual's work." R.C. 4141.29(D)(2)(a). The Supreme Court of Ohio has held that " 'just cause, in the statutory sense, is that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act.' " *Irvine v. Unemp. Comp. Bd. of Review*, 19 Ohio St.3d 15, 17 (1985), quoting *Peyton v. Sun T.V. & Appliances*, 44 Ohio App.2d 10, 12 (10th Dist.1975). Determination of whether just cause exists depends on the facts of each particular case. *Irvine* at 17. Fault on the part of an employee is an essential component of a just-cause termination. *Tzangas* at paragraph two of the syllabus. Unsuitability for a position constitutes "fault" for purposes of a just-cause termination. *Id.* at paragraph three of the syllabus. "An employer may properly find an employee unsuitable for the required work, and thus to be at fault, when: (1) the employee does not perform the required work, (2) the employer made known its expectations of the employee at the time of hiring, (3) the expectations were reasonable, and (4) the requirements of the job did not change substantially since the date of the original hiring for that particular position." *Id.* at paragraph four of the syllabus. This court has previously held that, with respect to violating employer policies, the critical issue is not whether an employee technically violated a company rule but whether the employee's actions demonstrated an unreasonable disregard for the employer's interests. *See Gregg v. SBC Ameritech*, 10th Dist. No. 03AP-429, 2004-Ohio-1061, ¶ 39.

{¶ 9} In this case, the hearing officer found that Meijer used a points-based system to track employee attendance and work-performance violations. Under this system, an employee would be discharged for accruing more than 12 points for attendance or work-performance violations or for accruing more than 18 points combined in both

categories. Meijer treated customer complaints as work-performance issues. The hearing officer found that appellant received numerous warnings related to customer complaints. The hearing officer also found that appellant committed a work-performance violation by misusing company time on December 15, 2012, when she clocked in at work and then immediately left the store to park her car, which she had left parked in a fire lane. The hearing officer found that, as a result of these incidents, appellant exceeded 12 points for work-performance violations and was discharged. Based on these factual findings, the hearing officer concluded that appellant acted in a manner that was contrary to her employer's interests. The hearing officer concluded that the repeated customer complaints and misuse of company time to park her car constituted sufficient fault to justify appellant's discharge and that she was terminated for just cause in connection with her work. The hearing officer further concluded that appellant had been overpaid benefits based on the initial allowance of her benefit claim and that she was required to repay the overpaid benefits.

{¶ 10} We review the hearing officer's decision to determine whether there was competent, credible evidence supporting her conclusion that appellant was discharged for just cause. Meijer presented copies of its work rules and guidelines, indicating that certain conduct was unacceptable and could lead to discipline or termination. These work rules specifically cited rudeness or any other conduct that demonstrates a disregard for customers and misuse of company time as unacceptable conduct. Meijer presented a copy of appellant's signed acknowledgment indicating her receipt of the company's handbook and agreement to follow the company's policies. Meijer also presented documentation relating to the customer complaints, failure to perform requested tasks, and to the parking incident in which appellant was charged with misusing company time.

{¶ 11} In addition to the written documentation, Weston Brubaker, the store director of the Meijer store where appellant worked, testified before the hearing officer. Brubaker provided specific testimony regarding the final customer complaint, filed on December 9, 2012, and the misuse of company time incident that occurred on December 15, 2012. Brubaker also testified generally about the history of customer complaints regarding appellant's conduct. Furthermore, while appellant alleges non-compliance with the standards for just-cause determinations involving union employees,

we note the hearing officer also heard testimony from Kenneth Cherry, an employee and union steward at the Meijer store where appellant worked. Cherry testified that appellant had multiple customer complaints that resulted in severe disciplinary situations. He explained that, as union steward, he attempted to assist appellant in dealing with the disciplinary actions resulting from several of these customer complaints. Cherry further testified that, with respect to the misuse of company time incident, appellant admitted to clocking in and then leaving work to park her car but disputed the amount of time it took before she returned to work. Appellant also testified before the hearing officer. She generally disputed the customer complaints, suggesting that the store managers were looking for a way to terminate her. Appellant admitted that she parked her car on company time on December 15, 2012, but testified that she did not know this constituted a misuse of company time.

{¶ 12} After reviewing the evidence and testimony presented to the hearing officer, we conclude that there was competent, credible evidence to support her conclusion that appellant was terminated for just cause. The repeated customer complaints contained in the record demonstrate an unreasonable disregard for Meijer's interests in keeping customers satisfied. *See Gregg* at ¶ 39. As other courts have noted, rudeness toward customers can contribute to a just-cause determination. *See Bulatko v. Dept. of Job & Family Servs.*, 7th Dist. No. 07 MA 124, 2008-Ohio-1061, ¶ 35. Similarly, appellant admitted that, on December 15, 2012, she left the store to park her car after clocking in, which constituted a misuse of company time and violation of Meijer's policies. Although appellant's third assignment of error appears to assert that she was terminated in retaliation for filing complaints with federal authorities, there was no evidence to substantiate this claim. Some of the documents indicate that, in response to disciplinary matters, appellant stated she would contact federal authorities. However, there was no evidence in the record to suggest that the termination was based on those comments or that the work-performance violations were a mere pretext for the termination.

{¶ 13} Accordingly, we find that competent and credible evidence supported the hearing officer's just-cause determination. Therefore, appellant's three assignments of error are not well-taken.

{¶ 14} For the foregoing reasons, we overrule appellant's three assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and O'GRADY, JJ., concur.

_____