[Cite as *Ricks v. Ohio Dept. of Job & Family Servs.*, 2013-Ohio-3253.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 99451

## JACQUELINE D. RICKS

### PLAINTIFF-APPELLANT

vs.

## DIRECTOR, OHIO DEPARTMENT OF JOB AND FAMILY SERVICES, ET AL.

### DEFENDANTS-APPELLEES

---

### JUDGMENT:
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CV-772373 and CV-786006

**BEFORE:** Boyle, P.J., Rocco, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** July 25, 2013

**ATTORNEYS FOR APPELLANT**

Kenneth J. Kowalski
Doron M. Kalir
Cleveland-Marshall College of Law
Civil Litigation Clinic
2121 Euclid Avenue, LB 138
Cleveland, Ohio   44115

**ATTORNEYS FOR APPELLEES**

**For the Director of the Ohio Department of Job and Family Services**

Mike DeWine
Ohio Attorney General
BY: Laurence R. Snyder
Assistant Attorney General
State Office Building, 11th Floor
615 West Superior Avenue
Cleveland, Ohio   44113

**For Barkley of Cleveland, L.L.C.**

Roy J. Schechter
Lichko & Schechter
230 Bridge Building
18500 Lake Road
Rocky River, Ohio   44116

MARY J. BOYLE, P.J.:

{¶1} Appellant Jacqueline Ricks appeals from the trial court's decision affirming a judgment of the Ohio Unemployment Compensation Review Commission ("UCRC") that denied her claim for unemployment benefits. Finding no merit to the appeal, we affirm.

<u>Procedural History and Facts</u>

{¶2} Appellee Barkley of Cleveland, L.L.C. ("Barkley") hired Ricks in March 2010, where she worked in office and administrative support. Her employment ended on March 16, 2011. Ricks worked part-time at Barkley. Prior to her discharge from Barkley, Ricks was receiving some unemployment benefits for her previous employment at University Hospitals.

{¶3} On March 17, 2011, Ricks appeared in court and was sentenced to six months in prison. As a result of her sentence, Ricks was unable to appear for her next scheduled shift on March 19, 2011. Ricks's supervisor, Rachel Radcliffe, learned of Ricks's incarceration on the news and subsequently sent Ricks a text message. Ricks's boyfriend, Martin Head, saw Radcliffe's text and then called her, notifying Radcliffe of Ricks's sentence but indicating that Ricks may be released sooner. According to Head, Radcliffe informed him that Ricks would have her job back regardless of when she was released from jail. Radcliffe further indicated that Ricks should contact Barkley if she was released.

**{¶4}** In June 2011, Ricks attempted to return to work but learned that a replacement was hired. She was told the company would keep her number if anything changed.

**{¶5}** Ricks subsequently applied for unemployment benefits with appellee Ohio Department of Job and Family Services ("ODJFS"). The agency disallowed the application, determining that Ricks had been discharged with just cause. On appeal, the director's redetermination affirmed the denial of benefits. A second appeal followed, and the matter was transferred to the UCRC for an evidentiary hearing.

**{¶6}** On October 17, 2011, a telephone hearing was held. Ricks appeared and offered her testimony and the testimony of her boyfriend. Barkley did not participate in the hearing. The hearing officer subsequently issued a decision affirming the director's redetermination that Ricks was discharged for just cause. In support of her decision, the hearing officer reasoned the following:

> The claimant argued that a leave was granted, and therefore she should be granted unemployment compensation. However, there is insufficient evidence that leave was granted to serve her sentence. In this case, the claimant admitted that the employer was unaware of her legal peril until she was unable to return to work. It appears that there may have been a gesture to give the claimant her job back but the employer was under no legal obligations to do so.

**{¶7}** Ricks subsequently filed a request for review, and on November 30, 2011, the UCRC issued a decision disallowing her request. Ricks appealed to the common

pleas court, which ultimately upheld the UCRC's decision.

{¶8} Ricks appeals from that decision, raising the following two assignments of error:

> I. The hearing officer's decision to deny Ms. Ricks unemployment insurance benefits was unlawful, unreasonable, and against the manifest weight of the evidence.

> II. Assuming arguendo that Ms. Ricks was terminated by Barkley for just cause, it would be inequitable to deny her unemployment benefits completely.

Just Cause Determination

{¶9} R.C. 4141.29 sets forth the eligibility and qualifications for unemployment benefits:

> (D) * * * [N]o individual may serve a waiting period or be paid benefits under the following conditions:

> * * *

> (2) For the duration of the individual's unemployment if the director finds that:

> (a) The individual quit work without just cause or has been discharged for just cause in connection with the individual's work * * *.

{¶10} "Traditionally, just cause, in the statutory sense, is that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act." *Irvine v. Unemp. Comp. Bd. of Rev.*, 19 Ohio St.3d 15, 17, 482 N.E.2d 587 (1985). An employer may require specific standards of conduct and discharge employees who violate the standards. *Piazza v. Ohio Bur. of Emp. Servs.*, 72 Ohio App.3d 353, 357, 594 N.E.2d

695 (8th Dist.1991), citing *Williams v. Ohio Bur. of Emp. Servs.*, 8th Dist. Cuyahoga No. 49759, 1985 Ohio App. LEXIS 9562 (Nov. 27, 1985).

{¶11} In reviewing a "just cause" determination, our standard of review is the same as the trial court's — i.e., an appellate court may reverse a board's decision only if the decision is unlawful, unreasonable, or against the manifest weight of the evidence. *Williams v. Ohio Dept. of Job & Family Servs.*, 129 Ohio St.3d 332, 2011-Ohio-2897, 951 N.E.2d 1031, ¶ 20, citing R.C. 4141.282(H). With respect to the standard of review, this court recently stated:

> While appellate courts are not permitted to make factual findings or to determine the credibility of witnesses, they do have the duty to determine whether the board's decision is supported by the evidence in the record. This duty is shared by all reviewing courts, from the first level of review in the common pleas court through the final appeal. Therefore, the focus of an appellate court when reviewing an unemployment compensation appeal is upon the commission's — not the trial court's — decision.

(Citations omitted.) *Hertelendy v. Great Lakes Architectural Serv. Sys.*, 8th Dist. No. 97782, 2012-Ohio-4157, 976 N.E.2d 950, ¶ 16.

{¶12} Ricks argues that the hearing officer's determination was unlawful, unreasonable, and against the manifest weight of the evidence because the "hearing officer ignored the evidence that clearly demonstrates that [she] was not terminated until after her release from jail, and was not terminated because of her incarceration." Ricks contends

that she was terminated on June 7, 2011, two weeks after her release from prison and approximately a week after she notified her supervisor that she was ready to return to work. In support of this argument, Ricks relies on an internal memo issued by Barkley to its employees notifying *them* that Ricks was no longer an employee of Barkley.

{¶13} Contrary to Ricks's assertion, there is evidence in the record that she no longer worked at Barkley after March 16, 2011. Ricks's own testimony before the UCRC hearing officer was that her dates of employment were from March 24, 2010 through March 16, 2011 — the day of the last shift that she worked. The hearing officer obviously found the internal memo sent out to Barkley staff — not Ricks herself — was not indicative of Ricks's last day of employment. Instead, the hearing officer reasonably relied on Ricks's own testimony as well as the undisputed evidence that Ricks was incarcerated on March 17, 2011, thereby making it impossible for her to return to work.

{¶14} To the extent that Ricks argued that Barkley implicitly granted her a leave of absence based on her supervisor's representation to her boyfriend, thereby allowing her to keep her job while she was incarcerated, the hearing officer rejected this argument. The hearing officer specifically found that the evidence was insufficient to support such a contention. Based on the record before us, we cannot say that determination is unlawful, unreasonable, or against the manifest weight of the evidence.

{¶15} We also find that the record evidences that Ricks was discharged as a result of her incarceration. Prior to the agency issuing a decision on Ricks's application for unemployment benefits, the agency submitted a questionnaire to Barkley as part of its

fact-finding process.   In its responses, Barkley indicated that Ricks had been sentenced by a judicial officer and committed to a correctional facility.   Barkley further affirmatively indicated that Ricks "became unemployed as a direct result of the commitment to the correctional facility."   Barkley's answers therefore are sufficient evidence for the hearing officer to rely on in making its just-cause determination.   Notably, Ricks does not dispute any of the evidence related to her incarceration.

{¶16} Barkley further noted in the questionnaire two cited policies in its handbook that Ricks violated, namely, Section 4.1(z) — "failure to report an absence or late arrival" and Section 7.20(b) — "personal leave policy does not apply if personal leave is needed as a result of self-inflicted injury, illegal substance abuse or alcohol abuse, or illness or injury incurred while in the act of committing a felony."   Admittedly, Section 7.20(b) does not apply in this case.   Section 4.1(z), however, does apply.   And Ricks admitted at the hearing that she never notified Barkley of her scheduled sentencing date or subsequent sentence.   To the extent that Ricks argues her boyfriend's notification was sufficient to satisfy the policy, Ricks offered no support for this position.

{¶17} But even assuming that Ricks demonstrated that she had not violated either company policy, we find that her incarceration alone justified her discharge.   Contrary to Ricks's assertion, the primary reason for Barkley discharging her was the incarceration. This fact is prevalent throughout the director's file as well as the proceedings before the UCRC.   Because her incarceration was a stated reason for discharge, we find her reliance on *Braithwaite   v.   Dept.   of   Commerce*,   10th   Dist.   Franklin   No.   03AP-381,

2003-Ohio-6562, to be misplaced. That case recognizes that "[a]n unemployment compensation review commission hearing officer's review and determination of just cause is limited to the actual reasons for a claimant's discharge and evidence of circumstances not relied on by the employer may not be considered." *Id.* at ¶ 13. Again, Ricks's incarceration was undoubtedly the primary reason for her discharge. The mere fact that Barkley erroneously believed that the incarceration violated a policy not at issue does not negate the just-cause finding related to the incarceration.

{¶18} The first assignment of error is overruled.

<u>Partial Benefits for Prior Employment at University Hospitals</u>

{¶19} In her second assignment of error, Ricks argues that it would be inequitable to deny her unemployment benefits completely because she was previously receiving some benefits for her prior employment with University Hospitals. ODJFS counters that this issue was never raised before the UCRC, and therefore she is precluded from raising this issue now on appeal. Although Ricks raised the argument for the first time in the trial court, she failed to raise the issue before the administrative bodies below. *See Evans v. Evans*, 10th Dist. Franklin No. 08AP-398, 2008-Ohio-5695, ¶ 8, quoting *State ex rel. Zollner v. Indus. Comm.,* 66 Ohio St.3d 276, 278, 611 N.E.2d 830 (1993) ("'A party who fails to raise an argument in the court below waives his or her right to raise it' on appeal"). We therefore decline to consider this argument on appeal.

{¶20} Judgment affirmed.

It is ordered that appellees recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, PRESIDING JUDGE

KENNETH A. ROCCO, J., and
PATRICIA ANN BLACKMON, J., CONCUR